486 So.2d 1115 (1986)
NEW SOUTH ADVERTISING, LTD., Caddo Coffee & Cafe Supply Company, Inc. and SBG Corporation, Plaintiffs-Appellants,
v.
KROCK-O-CHEESE, INC. and Benedict's of Shreveport, Inc., Defendants-Appellees,
William J. Phillips, Third party Defendant-Appellant.
No. 17684-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
Evans, Feist, Auer & Keene by Paul M. Adkins, Shreveport, for W. James Phillips, third-party defendant-appellant.
Smitherman, Lunn, Chastain & Hill by W. Lake Hearne, Shreveport, for New South Advertising and Caddo Coffee & Cafe Supply, plaintiffs-appellants.
Miller, Dawson & Askew by James H. Askew, Shreveport, for SBG Corp., plaintiff-appellant.
Thompson & Harp by Robert I. Thompson, III, Shreveport, for Krock-O-Cheese, defendant-appellee.
Before MARVIN, FRED W. JONES and NORRIS, JJ.
MARVIN, Judge.
A shareholder (Phillips) of the defendant corporation (KOC) appeals that part of a summary judgment casting him in solido with the corporation for open account debts respectively owed to three creditors, who are the co-plaintiffs. Insofar as the summary judgment casts Phillips solidarily liable with KOC, we reverse and remand.
The issue as to KOC is whether each plaintiff is entitled, as a matter of law, to a *1116 summary judgment on open account. As to Phillips, however, the action is not on open account, but on the effect of Phillips' written guarantee to indemnify the purchaser of KOC's physical assets (equipment, furniture, supplies, and inventory) for any loss or liability that purchaser might incur on account of the purchase, including liability under the Bulk Sales Law, LRS 9:2961 et seq.
KOC and the purchaser (Benedict's of Shreveport, Inc.) were the original named defendants. Benedict's was alleged to be liable to plaintiffs under the Bulk Sales Law for the fair value of the property sold to it by KOC. LRS 9:2961, 2962. KOC and Benedict's answered, denying that the sale violated the Bulk Sales Law. Benedict's made KOC and its shareholders third-party defendants on the strength of the alleged indemnity and guaranty agreement. Plaintiffs in turn amended their petitions and made the KOC shareholders defendants, alleging that the plaintiffs were third party beneficiaries of the guaranty signed by KOC shareholders.
The trial court eventually overruled the peremptory exception of no cause of action filed by Phillips, holding that the shareholders' guaranty was a stipulation pour autri in favor of plaintiff creditors. This opinion does not address that holding.
The creditors then moved for summary judgment. CCP Art. 966. KOC's answer to interrogatories propounded by plaintiffs stated that the inquiry whether the Bulk Sales Law was complied "was a legal question... [which it was] not qualified to [answer]." Benedict's answer to the same inquiry was not responsive and simply restated the terms of the sale of the assets by KOC to Benedict's.
The creditors' motion for summary judgment does not contain any statement or supporting affidavit that refers to the Bulk Sales Law. A mover for summary judgment must affirmatively and clearly prove the absence of any genuine issue of material fact. Any doubt regarding the existence of a disputed factual issue is resolved against the mover for summary judgment. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); Watson v. Cook, 427 So.2d 1312 (La.App.2d Cir.1983). Until the mover for summary judgment has satisfied his burden, the rule that an opponent of summary judgment may not "rest" on his allegations or denials in the pleadings does not apply. CCP Art. 967. The trial court, when considering the exception of no cause of action filed by Phillips, had to accept as true the allegations of plaintiffs' petition. The overruling of Phillips' exception of no cause of action, however, does not avail plaintiffs in their motion for summary judgment because the allegations of a petition, standing alone, are not so accepted for the purposes of summary judgment. CCP Art. 931; Owens v. Martin, 449 So.2d 448 (La.1984). Neither we nor the trial court, for the purposes of summary judgment, can accept an allegation of material fact by a plaintiff which is denied by a defendant.
The issue of whether the Bulk Sales Law was complied with has not been resolved and is material and critical to plaintiffs' recovery against Phillips. See and compare Andrepont v. Acadia Drilling Co., 255 La.347, 231 So.2d 347 (1969); and Spaht and Johnson, Work of Appellate Courts1975-1976: Obligations, 37 La.L. Rev. 332 (1977). A motion for summary judgment is not appropriate for cases requiring a judicial determination of subjective facts such as knowledge, good faith, motive, and intent. Watson, supra, at 1316.
Under the circumstances of this record and because a genuine issue of material fact exists, summary judgment will not lie against Phillips, the KOC shareholder. That part of the judgment of the trial court to the contrary is REVERSED at appellees' cost. Otherwise, the summary judgment against KOC has not been appealed and remains unaffected by this reversal in part.
REVERSED in part, and remanded.