503 So.2d 576 (1987)
BARHAM & CHURCHILL
v.
CAMPBELL & ASSOCIATES, et al.
No. CA-5923.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Writ Denied April 3, 1987.
John F. Whitney, James E. Bailey, III, Barham & Churchill, New Orleans, for plaintiff.
Jacob J. Amato, Jr., David W. Birdsong, Amato & Creely, Gretna, La., for defendant.
Before BARRY, KLEES and LOBRANO, JJ.
BARRY, Judge.
Clients of the Barham & Churchill law firm appeal a summary judgment for $30,520.53, plus attorney's fees, allegedly due on an open account. They argue the trial judge erred 1) in finding personal liability for corporate debts, 2) by not finding a material issue of fact as to an offer to adjust the bill and the acceptance on behalf of the two corporations, and 3) in awarding attorney's fees for legal services performed in 1980-1982 which precludes application of La.R.S. 9:2781.[1]

*577 BACKGROUND
Barham & Churchill filed suit against Campbell & Associates, Inc., Southern Insurance Facilities, William Perkinson, and Cathryn Ann Campbell Perkinson (individually and as daughter and heir of her deceased parents, Myrtle and Ambrose Campbell). The suit is for legal services rendered from June 2, 1980 to October 26, 1982 with a prayer for $30,520.53 plus reasonable attorney's fees. The petition was amended when Cathryn Perkinson died and her executor, Edward Benjamin, was made a defendant.
Barham & Churchill's first motion for summary judgment attached the affidavit of Charles Thensted (an attorney who maintains clients' accounts) who declared the invoices and statement of account reflected services rendered to Campbell & Associates and Southern Insurance Facilities with a $30,520.53 balance. Three demand letters and certified mail receipts were submitted along with a summary of the time spent and the cost for the services.
The defendants filed an affidavit from Albert J. Aucoin, Jr., president of the two corporations, which states the lawsuit which the law firm defended resulted in a judgment against the corporations. Mr. Aucoin referred to an attached letter from Mr. Barham which promised adjustments to the bill which were not made. He also states that Mrs. Perkinson and her husband never acted beyond the corporate entities and did not assume personal liability for their debts. The opposition also notes the law firm's answers to Interrogatories 4 and 7 which indicate the firm contracted with Mr. Campbell as president of the corporate defendants, not with Mr. Campbell personally.
Although the defendants' memo declares Mr. Barham's letter was attached, Barham & Churchill moved to strike the affidavit alleging the letter was not attached. However, several copies of the letter appear in the record and Barham & Churchill attached it to its second motion for summary judgment. The law firm filed a supplemental memorandum containing a footnote which explained that the motion was actually for partial summary judgment against the two corporations and the executor of Mrs. Perkinson's estate. The footnote suggested the law firm could also secure a judgment against Mr. Perkinson with further discovery and documentation, but the motion does not support that premise. The defendants' supplemental memo argues the "partial summary judgment" would be appropriate only against the corporations and that Mr. Barham's letter offering to adjust the bill created a material issue in dispute. The summary judgment was denied.
A second motion for summary judgment includes the affidavit of Mr. Barham, his compromise letter to Mr. Campbell, and an updated affidavit of attorney's fees for $12,499.50. Mr. Barham declared he was a director in the law firm and familiar with the Campbell account. He states that Mr. Campbell, on his and his wife's behalf, and as president of the two corporations, retained the law firm to handle a legal matter on an open account and undertook personal responsibility for the work. Mr. Barham claims it was understood by Mr. Campbell that he and the two corporations would be solidarily liable.
Mr. Barham noted his October 21, 1981 letter (attached as exhibit A) mentioned the prospect of adjusting the bill, but the offer was conditioned on Mr. Campbell's cooperation to negotiate the reduction and on prompt payment of the compromised sum. Mr. Barham further declared that after the death of Mr. and Mrs. Campbell,[2] he and Mrs. Perkinson met three times and she acknowledged the debt as that of her parents *578 as well as the corporations and agreed to pay $2,500 a month. She made payments of $2,500, $731.99, and $2,000, after which this suit was filed.
In opposition to the second summary judgment motion the defendants filed another affidavit by Mr. Aucoin, who had been the certified public accountant for the corporations and at the time was president of both corporations. Attached was Aucoin's letter dated July 22, 1983 which accepts Mr. Barham's offer to adjust the balance. The law firm did not appear at the hearing and the motion was dismissed.
The firm filed a third motion for summary judgment (without attachments) which was granted against the two corporations and the executor of Mrs. Perkinson's estate. The court's reasons state the "additional affidavit ... showed that the defendants had assumed personal liability for the legal fees and that no representations had been made by plaintiffs to the defendants regarding any adjustments on the account."

LAW
Summary judgment is a drastic remedy and should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Klohn v. Louisiana Power & Light, 406 So.2d 577 (La. 1981).
A mover for summary judgment must affirmatively and clearly prove the absence of any genuine issue of material fact. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve the disputed facts. Duvalle v. Lake Kenilworth, 396 So.2d 1268 (La.1981); Ricker v. Wieleman, 464 So.2d 891 (La.App. 4th Cir.1985). Allegations of material fact by a plaintiff cannot be accepted as true if they are denied by the defendant. New South Advertising, Ltd. v. Krock-O-Cheese, Inc., 486 So.2d 1115 (La.App. 2d Cir.1986).
The mover must meet a strict standard by showing that it is clear as to what is the truth and that any real doubt as to a genuine issue of material fact has been excluded. The mover's pleadings, affidavits and documents must be scrutinized closely, while those of the opponent are to be indulgently treated. Holmes v. St. Charles General Hospital, 465 So.2d 117 (La.App. 4th Cir.1985) quoting Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, et al, 427 So.2d 1152, 1153-54 (La.1983).
The court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Primary Color Laboratory, Inc. v. Fox, 427 So.2d 590 (La.App. 5th Cir.1983). Only if the mover's supporting documents are sufficient, does the burden shift to the opposing party to present evidence of material facts at issue. Glass Services Unlimited v. Modular Quarters, Inc., 478 So.2d 1005 (La.App. 3d Cir.1985).
Inferences to be drawn from underlying facts contained in materials before the court must be viewed in the light most favorable to the party opposing the summary judgment. Burke v. Occidental Life Insurance Company of California, 427 So.2d 1165 (La.1983). Supporting and opposing affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.P. Art. 967.
If evidence presented is subject to conflicting interpretations or reasonable men might differ as to its significance, summary judgment is not proper. Jackson v. State, Teachers' Retirement System of Louisiana, 407 So.2d 416 (La.App. 1st Cir. 1981). Weighing conflicting evidence or making evaluations of credibility have no place in rendering a summary judgment. Urban Management Corporation v. Burns, 427 So.2d 1310 (La.App. 2d Cir. 1983). The fact that evidence preponderates in favor of the mover does not justify not going to trial on the merits. Carroll v. Newtron, 477 So.2d 719 (La.App. 3d Cir. 1985), writ denied 478 So.2d 530 (La.1985).
*579 Under La.C.C.P. Art. 967 it is insufficient for an affiant to merely declare he has personal knowledge of a fact. The affidavit must affirmatively establish that the affiant is competent to testify to the matter stated by a factual averment showing how he came by such knowledge. Express Publishing Company, Inc., v. Giani Investment Company, Inc., 449 So.2d 145 (La. App. 4th Cir.1984).

ANALYSIS
Barham & Churchill's first motion for summary judgment and its documents did not carry the mover's burden of showing there was no issue as to Mr. Campbell's personal liability (passed through Cathryn Perkinson's succession to the executor of her estate) and the trial court properly denied the motion. The second motion, which added the affidavit of Mr. Barham and his compromise letter to Mr. Campbell, was dismissed when the law firm did not appear at the hearing. The third motion for summary judgment was granted because the "additional affidavit ... showed that the defendants had assumed personal liability for the legal fees and that no representations had been made by plaintiffs to the defendants regarding any adjustments on the account."
The trial court's reasons indicate concern over proof that Mr. Campbell and his daughter were personally liable and that Mr. Barham offered to adjust the balance; however, the court concluded that Mr. Barham's affidavit showed the defendants assumed personal liability for the legal fees. Mr. Barham does declare that Mr. Campbell (and after his death) his daughter, Mrs. Perkinson, assumed personal liability for the debt. However, the defendants had previously submitted the affidavit of Mr. Aucoin who states that to his knowledge Mrs. Perkinson and her husband never personally assumed the debt and never acted beyond their roles in the corporations.
Mr. Aucoin's affidavit also attacks Mr. Barham's statement that his offer to adjust the balance was conditioned on Mr. Campbell's contacting the firm to negotiate a reduction. The July 22, 1983 letter from Mr. Aucoin (as the CPA of the corporations) clearly asks for a substantial reduction of the balance "[i]n the spirit which your [Mr. Barham's] letter of October 21, 1981 was written...." Mr. Aucoin declares he was undertaking the negotiation referred to in Mr. Barham's letter.
Although Mr. Aucoin replied several months after Mr. Barham's compromise offer (July 22, 1983), it was nine months prior to the law firm's demand letter of April 24, 1984 and the filing of suit on July 3, 1984. Mr. Aucoin received no response. The trial court's conclusion that Mr. Barham's affidavit showed that no representations had been made by Barham & Churchill regarding adjustments to the account totally ignores Mr. Aucoin's letter and affidavit.
Holding Barham & Churchill's affidavit (as mover) to the strictest scrutiny (noting its numerous conclusions) and indulgently reading the Aucoin affidavit, we find the summary judgment under these unusual circumstances was inappropriate. Mr. and Mrs. Campbell and their daughter are deceased. The intent of those decedents to personally assume liability (there is nothing in writing) is at issue as well as the alleged acceptance of Mr. Barham's offer to negotiate the amount owed.[3]
We conclude that the mover did not carry its burden to show that there is no genuine issue of material fact. The summary judgment is reversed and the matter remanded for further proceedings.
REVERSED; REMANDED.
NOTES
[1] La.R.S. 9:2781 (pre-1983 amendment) provided:

A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.
C. For the purposes of this Section, an open account shall include debts incurred for professional services, including, but not limited to, legal and medical services, which are rendered on a continuing basis.
D. As used in this Section, `person' means an individual, association, corporation, partnership, trust, or any other public or private legal entity.
[2] The Campbells were murdered in New Orleans and their daughter, Mrs. Perkinson, was murdered on the west coast.
[3] We note that attorney's fees should have been awarded if the legal services were rendered on an open account under La.R.S. 9:2781 (pre-1983 amendment). The issue of whether the legal representation in one suit prior to 1983 would constitute an open account is a difficult one. See Sessions Fishman, Rosenson, Boisfontaine & Nathan v. Taddonio, 490 So.2d 526 (La.App. 4th Cir.1986). Since the issue was raised for the first time on appeal we cannot consider it. Uniform RulesCourts of Appeal Rule 1-3; Capital Bank and Trust Company v. Lacey, 393 So.2d 668 (La.1980). However, that problem would also militate against summary judgment.