590 So.2d 801 (1991)
SOUTH CENTRAL BELL TELEPHONE COMPANY
v.
The ROUSE COMPANY OF LOUISIANA, Rouse-New Orleans, Inc. and New Orleans Riverwalk Limited Partnership.
No. 91-CA-0403.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 1991.
*802 Andrew A. Braun, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for plaintiff/appellant.
Ralph S. Hubbard, III, Gordon P. Wilson, Friend, Wilson & Draper, New Orleans, for defendant/appellee.
*803 BARRY, Judge.
South Central Bell Telephone Company appeals a summary judgment granted to The Rouse Company of Louisiana, Rouse-New Orleans, Inc. and New Orleans Riverwalk Limited Partnership (Rouse), in its suit to recover for the relocation of manholes on the Poydras Street wharf.
The Board of Commissioners of the Port of New Orleans leased part of the lower Poydras Street Wharf to International Rivercenter (IRC), which then subleased to Rouse-New Orleans, Inc. Rouse-New Orleans conveyed its right, title and interest to New Orleans Riverwalk Limited Partnership. South Central Bell had manholes which were located in the leased area. After unsuccessful negotiations, South Central Bell relocated the manholes and filed suit to recover its costs.
South Central Bell sued for $171,660 based on breach of contract, unjust enrichment and detrimental reliance. Rouse denied that it agreed to pay to relocate the manholes. South Central Bell's motion for a partial summary judgment on its unjust enrichment claim was denied. The matter was referred to a commissioner who recommended that Rouse's subsequent motion for summary judgment be granted. South Central Bell filed exceptions to the commissioner's report, but the trial court overruled the exceptions and granted summary judgment in favor of Rouse.
South Central Bell now argues:
There are genuine issues of material fact, the court erroneously viewed the evidence in the light most favorable to Rouse, and it prematurely considered whether South Central Bell could prove its allegations at trial;
Rouse failed to meet its burden of proof on South Central Bell's detrimental reliance and unjust enrichment claims.

THE LAW
Summary judgment is a drastic remedy and should be granted only if the pleadings, depositions, answers to interrogatories and admissions, together with affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to a judgment as a matter of law. La.C.C.P. art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). The party moving for summary judgment must affirmatively and clearly prove the absence of a genuine issue of material fact. Any doubt must be resolved against summary judgment and in favor of a trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152 (La. 1983); Morcos v. EMS, Inc., 570 So.2d 69 (La.App. 4th Cir.1990).
The mover's pleadings, affidavits and documents must be scrutinized closely. Barham & Churchill v. Campbell & Associates, 503 So.2d 576 (La.App. 4th Cir. 1987), writ denied 503 So.2d 1018 (La. 1987). Supporting and opposing affidavits must be made on personal knowledge and set forth facts that would be admissible. La.C.C.P. art. 967. The affidavit must affirmatively establish that the affiant is competent to testify and state the basis of affiant's knowledge. It is not sufficient for an affiant to merely declare that he has personal knowledge of a fact. Express Publishing Company, Inc. v. Giani Investment Company, Inc., 449 So.2d 145 (La.App. 4th Cir.1984).
The court must first determine whether the supporting affidavits and documents presented by the moving party are sufficient to resolve all material issues of fact. If they are not sufficient, summary judgment is not appropriate. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d at 772. If the mover's supporting documents are sufficient, the burden shifts to the opposing party to present evidence of material facts. Barham & Churchill v. Campbell & Associates, 503 So.2d at 578.
Inferences to be drawn from underlying facts in the documentation and materials before the court must be viewed in the light most favorable to the party opposing summary judgment. Burke v. Occidental Life Insurance Company of California, 427 So.2d 1165 (La.1983). Summary judgment is not proper if the evidence is subject to conflicting interpretations. *804 Weighing conflicting evidence or making credibility evaluations have no place when considering a motion for summary judgment. The fact that the evidence preponderates in favor of the mover does not justify not going to a trial on the merits. Barham & Churchill v. Campbell & Associates, 503 So.2d at 578.
To recover under a theory of unjust enrichment there must be: 1) an enrichment; 2) an impoverishment; 3) a connection between the enrichment and the impoverishment; 4) an absence of justification or cause for the enrichment and impoverishment; 5) the unavailability to the plaintiff of any other remedy at law. Vandervoort v. Levy, 396 So.2d 480 (La.App. 4th Cir. 1981); Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967). See Albert Tate, Jr., The Louisiana Action for Unjustified Enrichment: A Study in Judicial Process, 51 TUL.L.REV. 446 (1977); Albert Tate, Jr., The Louisiana Action for Unjustified Enrichment, 50 TUL.L.REV. 883 (1976).
To recover under the theory of detrimental reliance it must be proven that: 1) a representation was made; 2) there was justifiable reliance on that representation; 3) a change in position to one's detriment because of that reliance. La.C.C. art. 1967; Edinburgh v. Edinburgh, 523 So.2d 893 (La.App. 4th Cir.1988).

THE RECORD
South Central Bell's contract claim is not mentioned in the parties' summary judgment motions or memoranda. Deposition excerpts submitted by both sides indicate there was no contract. During oral argument counsel for South Central Bell stated that there was no contract. Therefore, the issue is whether there was unjust enrichment and/or detrimental reliance.
In support of its motion for summary judgment, Rouse attached a copy of South Central Bell's original petition and excerpts from the depositions of Laurence Brocato, George Schweitzer, Maurice Naquin and Edward Reed. Rouse also submitted affidavits from Bruce Armiger, Constant Marquer, and Brian Lade.
Laurence Brocato, Rouse's project manager, stated that South Central Bell's estimate to relocate the manholes was $75,000. Schweitzer, South Central Bell's building industry consultant, testified about negotiations and the lack of agreement between the parties. He conceded that Rouse never agreed to pay nor did he submit a bill to Rouse in advance as was customary. Schweitzer gave Rouse a verbal estimate but never sent a bill.
Naquin, counsel for South Central Bell, recommended that relocation proceed in order to protect South Central Bell from a possibile damage suit, and that Rouse be billed after the project was completed. Naquin admitted that it was a "horrible oversight" not to notify Rouse of the cost and the decision to proceed. Prior to relocation he considered filing for a declaratory judgment but decided that would take too much time and South Central Bell would be "out on a limb."
Reed, the Port's Director, interpreted the Dock Board's permit to mean that at Rouse's request the Dock Board could have required South Central Bell to move the manholes at its own expense. Attached to Reed's deposition were several South Central Bell permits.
Armiger, Rouse's senior project manager in 1985, declared that South Central Bell voluntarily moved the manholes (a diagram was attached to his affidavit). Rouse did not budget money for the relocation and he would have asked the Dock Board to order relocation or reconfigure the area rather than pay to relocate. Marquer, Rouse's attorney, recommended that Rouse not pay for the removal based on Rouse's sublease of IRC's rights and the lack of documentation that South Central Bell had a superior right. Attached to Marquer's affidavit was a letter of consent to Rouse to build the International Pavilion Building, a portion of which comprised the Riverwalk, and the lease between IRC and Rouse-New Orleans. Brian Lade, Riverwalk's vice president, pinpointed the location of the manholes *805 and indicated that the corridor provided truck access (a diagram was attached).
South Central Bell's opposition included: excerpts from the depositions of Brocato, Schweitzer, Lade (submitted pursuant to protective order) and Pierre Cordell-Reeh; affidavits of Schweitzer and Naquin; and a letter from Cordell-Reeh to Rouse. South Central Bell included an excerpt of Armiger's telephone deposition which was not on its list of exhibits.
Brocato stated that he told South Central Bell that the manholes had to be moved and he threatened to weld the covers shut because he felt South Central Bell had no right to refuse. According to Schweitzer, Rouse informed him that it had rented the tenant space and could not modify its plans. Rouse would not agree to provide a blower, a pump and a drain access. South Central Bell would not agree to a manhole in the service corridor because a long unsafe tunnel would have to be used by its personnel. Schweitzer noted that each side felt it had the legal right to be there. Schweitzer's affidavit corroborated his testimony.
Lade testified about the tenants' leases. In his deposition, Cordell-Reeh, the Dock Board's Director of Planning under Reed, stated that only the Dock Board could require South Central Bell to relocate the manholes at its cost.
Naquin stated that Rouse informed South Central Bell that the manholes were in the tenants' space, that Rouse would not pay to relocate, and there was no alternative. He recommended removal (and billing later) rather than exposing South Central Bell to a damage suit. Armiger, in his telephone deposition, said that Rouse could reconfigure the tenant space without additional expense and discussed the negotiations between the parties.
The commissioner's report stated in pertinent part:
A review of the documentation file together with the deposition [sic] offered, reveals no material issue of fact exists under which the plaintiff might prevail. Included within this observation is any contested issue of fact.
The commissioner noted that no invoice was sent to Rouse for more than a year after the relocation, there was no contract for reimbursement, and South Central Bell's other claims all relate to why the facilities were relocated. The commissioner concluded:
Implied threats that Rouse Company would prevent a service truck from entering the shopping center mall, and possible suit for damages for impairments of tenants' occupancy which would be caused by the continued existence of the facilities may have induced South Central Bell to cause a relocation. However, in so doing, it preferred the relocation of the facility to the possibility of engaging the legal system to protect its rights to the location and its obligation to serve the Algiers area, in the event that threats implied above came to pass.
Such after the fact `unjust enrichment' and `detrimental reliance' belie the cooperative spirit which induced South Central Bell to relocate the facility. It was simply a business decision by South Central Bell, an unjustness or reliance that Rouse would pay the bill, did not enter into the decision.
There exists no documentation that any sum of money was deposited by Rouse, et al prior to the relocation. Compliance with such deposit demands would be standard operating procedure utilized before any work was done by South Central Bell under any aegis.

ANALYSIS
South Central Bell points to the commissioner's comment that there is no material issue of fact "under which the plaintiff might prevail", and argues that the commissioner improperly considered whether South Central Bell would prevail on the merits. However, the commissioner clearly focused on whether there was any fact issue which was material to South Central Bell's legal theories.
The commissioner's statement that the relocation was "simply a business decision" by South Central Bell was a factual *806 conclusion. However, South Central Bell's attorney stated that he recommended relocation to avoid the possibility of a lawsuit. South Central Bell indicated it made a business decision.
The commissioner's statement that South Central Bell's reliance was on Rouse's promise to pay is not accurate. South Central Bell claimed that it relied on Rouse's position that tenant space could not be re-drawn and the manholes had to be relocated. Regardless, South Central Bell's reliance on those facts is not sufficient to support its claim of detrimental reliance. Clearly, Rouse never agreed to pay.
No factual issues exist which are material to South Central Bell's claims of detrimental reliance or unjust enrichment. Rouse is entitled to summary judgment as a matter of law.
The summary judgment is affirmed.
AFFIRMED.