DOUCET, Judge.
This is an appeal from a partial summary judgment granted in connection with a contract between an attorney and his employer.
In August 1991, the plaintiff, Michael Lotief, filed suit alleging a breach of his employment contract with the law firm of Goode, Skinner and Shullaw. Among other things, Lotief alleges that the defendants breached their agreement to split with him any fees earned on personal injury cases brought to the firm by Lotief.
Defendants brought a “Motion for Partial Summary Judgment” alleging that no issue of fact remained as to the non-existence of a contract for fee splitting with Lotief. After a hearing, the trial judge granted the motion. Lotief appeals.
It is undisputed that in June 1989, the plaintiff, Michael P. Lotief, was hired as an associate by William L. Goode, Michael D. Skinner, and Wayne A. Shullaw, d/b/a Goode, Skinner & Shullaw. It was orally agreed that Lotief would be paid $30,000 to do work assigned to him by the partners in the firm. He was not expected to generate business for the firm, but to do work arising from the business generated by the partners.
Lotief alleges that at the time the employment agreement was reached, it was also agreed that he would receive a share of any fees earned by the firm as a result of any cases he brought into the firm. What that share would be was not specified.
Defendants argue that the alleged agreement for fee splitting was unenforceable because there can be no contract of employment without an agreement as to price.
Summary judgment is a drastic remedy and should be granted only if the *21 pleadings, depositions, answers to interrogatories and admissions, together with affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to a judgment as a matter of law. La.C.C.P. art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). The party moving for summary judgment must affirmatively and clearly prove the absence of a genuine issue of material fact. Any doubt must be resolved against summary judgment and in favor of a trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152 (La.1983); Morcos v. EMS, Inc., 570 So.2d 69 (La.App. 4th Cir.1990).
South Central Bell Telephone Co. v. Rouse Co., 590 So.2d 801 (La.App. 4 Cir.1991).
On motions for summary judgment, inferences drawn from the facts revealed by the materials before the court must be viewed in the light most favorable to the party opposing the motion. South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3 Cir.1991).
Lotief submitted excerpts from the deposition of William Hawkland, the hiring partner at the time Lotief was employed, in opposition to the motion for summary judgment. In his deposition, Hawkland indicates that Lotief was hired for $30,000 to do the work of the firm. He further states that if Lotief were to bring in clients, that would be money for the firm “and we would be more than happy to share those profits with him.” Hawkland indicated that there was an understanding that Lo-tief would share the profits from cases he brought in.
The documents supporting the defendant’s motion indicate only that no specific agreement was reached as to the amount of Lotief’s share in such cases.
After reviewing the motion and supporting and opposing materials, we could conclude that there remains a substantial question of material fact as to whether there existed, separate from the employment contract, an agreement to share fees on cases Lotief brought into the firm. Lo-tief, of course, must prove the existence of an enforceable contract at trial on the merits. The likelihood or unlikelihood of his ability to do so has no effect on the outcome of the motion for summary judgment. Chargois v. Trip-L-Quik, 441 So.2d 45 (La.App. 3 Cir.1983).
Accordingly, having found a remaining issue of material fact with regard to the existence of an agreement to split fees, the judgment of the trial court is reversed. This case is remanded for further proceedings in keeping with the opinion herein. Costs of this appeal are assessed to the defendants.
REVERSED AND REMANDED.