673 So.2d 1209 (1996)
ACADEMY MORTGAGE COMPANY, LLP
v.
BARKER, BOUDREAUX, LAMY & FOLEY, a Law Corporation, et al.
No. 96-CA-0053.
Court of Appeal of Louisiana, Fourth Circuit.
April 24, 1996.
*1210 Irl R. Silverstein, Gretna, for Plaintiff/Appellant, Academy Mortgage Company, LLP.
Wayne W. Foley, New Orleans, for Defendants/Appellees, Barker, Boudreaux, Lamy & Foley, a Law Corporation, et al.
Before LOBRANO, PLOTKIN and MURRAY, JJ.
MURRAY, Judge.
Academy Mortgage Company, LLP ("Academy") appeals the trial court's dismissal, after trial on the merits, of its suit against Harold J. Lamy, individually, and the law firm of Barker, Boudreaux, Lamy & Foley (collectively "Lamy"). Academy extended credit to one of Lamy's clients based upon a perceived promise of payment from a forthcoming personal injury settlement, but later was informed all funds had been paid to the client. Academy contends that the trial court erred in failing to find Lamy liable for payment of the client's debt under the theory of detrimental reliance.

FACTS AND PROCEEDINGS BELOW
Paul L. Juarez, president and operations manager for Academy mortgage, testified that Patricia P. Johnson applied for a car loan in early September, 1993, but was told she did not qualify. She informed Mr. Juarez that she was expecting a personal injury settlement within the next year, and that "she would make arrangements with" her attorney, Mr. Lamy, who could "give us a guarantee on the loan." In response to his contact, Mr. Juarez was faxed a letter dated September 1, 1993 from Mr. Lamy which stated:
I am instructed by my client, Patricia Johnson, to pay to you the balance owned [sic] on the mortgage of her car that you recently financed for her out of her personal injury settlement, or whatever amount she nets out of her settlement.
I will abide by this instruction.
Believing that this was a guaranty of payment, Mr. Juarez approved Ms. Johnson's loan. Although she never made any payment on the debt, no collection actions were taken because Mr. Juarez wanted to give her a chance to settle her case. He made about three phone calls to Mr. Lamy's office and was told the litigation was continuing, so did not worry. However, suit was subsequently instituted and a default judgment was rendered against Ms. Johnson on August 15, 1994 for $3,307.81 plus interest, attorney fees and costs, with recognition of Academy's security interest in the vehicle.
After a few more attempts to contact Mr. Lamy regarding the pending settlement, Mr. Juarez was finally informed in January 1995 that Ms. Johnson had withdrawn her prior "instruction" and had thus received all settlement funds directly. At about the same time, it was learned that Ms. Johnson was now living in Mississippi; she apparently *1211 took the car, in which Academy has a security interest, with her. The record does not reflect any effort to make the judgment executory in Mississippi or to otherwise collect from Ms. Johnson.
Harold Lamy testified that he had only recently been retained by Ms. Johnson concerning an August 1993 accident when she instructed him to pay Academy out of her settlement, and asked him to write a letter to that effect. It was not until August 1994, when a gross settlement of "about $37,000" was received, that Ms. Johnson told him her circumstances had changed so she would make arrangements directly with Academy for repayment of the loan. Although Mr. Lamy urged her to follow the original plan, she withdrew her approval and Mr. Lamy felt he was without authority to withhold any funds. At that time, he was not aware that Academy had filed suit against Ms. Johnson.
At the end of August, 1994, Mr. Lamy received a letter from Academy's attorney informing him of the judgment against Ms. Johnson and asking about the status of the settlement. Mr. Lamy did not respond to the inquiry because he wanted to speak with Ms. Johnson about it first. When he was eventually able to reach her, she said she had gone to Academy and offered monthly payments, but was told they could not accept it because the matter had been turned over to their attorney. Ms. Johnson then told Mr. Lamy she would "surrender the car and begin paying $70.00 a month" from her workers' compensation benefits; he relayed that offer in February 1995 by letter to Academy's counsel.
This suit was filed on March 8, 1995, alleging that "[i]n an attempt to execute upon [the August 15, 1994] Judgment, Academy ... entered into conversations with the defendant, and subsequently received a letter ... wherein said defendant, ... agreed to pay the balance due to Academy ... out of any settlement funds received." After a bench trial November 13, 1995, the court ruled in favor of the defendants, noting that:
[B]eing a mortgage company and law firm, I'm sure both of these gentlemen know what guarantees are. And there was no guarantee here. And I think that not only that [sic] he has a right to do what he didMr. Lamybut he has an obligation to give the client the money if they [sic] want their money. Had we had a guarantee here, it would be a different situation.
A written judgment of dismissal was signed that same day, "in favor of the defendants, Barker, Boudreaux, Lamy & Foley, A Law Corporation;" no mention was made of the claim against Mr. Lamy, individually. This appeal followed.

ARGUMENT AND DISCUSSION
Academy argues that even if Mr. Lamy did not guarantee repayment of Ms. Johnson's debt, the evidence establishes the defendants' liability under La.Civ.Code Ann. art. 1967, which provides in part:
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
According to Academy, it was shown that Mr. Lamy knew Academy would rely upon his assurance that settlement funds would be withheld to repay Ms. Johnson's loan, and that its loss was caused by Mr. Lamy's failure to promptly notify Academy that his client had changed her mind. Citing Edinburgh v. Edinburgh, 523 So.2d 893 (La.App. 4th Cir.1988), it is asserted that Academy's reliance upon the September 1 letter was reasonable under the circumstances.
Under Article 1967, Academy had the burden of proving that Lamy promised to withhold funds to repay Ms. Johnson's debt, that it relied upon this promise in extending credit, and that this reliance was reasonable. Garner v. Hoffman, 93-0155, 93-0156, 93-0157, p. 44 (La.App. 4th Cir. 5/23/94), 638 So.2d 324, 345, writ denied, 94-2109 (La. 11/11/94), 644 So.2d 1068. Implicit in the trial court's decision quoted above is the factual finding that it was not reasonable for a finance company, such as Academy, to rely *1212 upon the letter in question. Such a finding may not be reversed by this court unless it is clearly wrong or manifestly erroneous. Lewis v. State, through DOTD, 94-2370, p. 4 (La. 4/21/95), 654 So.2d 311, 314. We find no error in the trial court's rejection of Academy's claim for recovery under these circumstances.
Academy was not an unsophisticated consumer, in an inferior bargaining position relative to Ms. Johnson or even Mr. Lamy. As an entity engaged in the business of lending money for profit, Academy is required to know the basic legal tenets for an enforceable repayment agreement. The letter allegedly relied upon merely states that Mr. Lamy will follow his client's instructions to withhold a sum when a settlement is received; the implication is obvious that Ms. Johnson's instructions could change. Therefore, it was not reasonable for a commercial lender to rely on this writing, rather than obtaining an assignment of claim or other form of guarantee, in extending credit. Additionally, although Academy asserts that it approved Ms. Johnson's loan because it believed repayment would be made from her personal injury settlement, it was shown at trial that suit on the debt was filed, and a default judgment obtained, even before those funds were received by Mr. Lamy.[1] That judgment's recognition of Academy's security interest in the purchased vehicle suggests, at the least, that Academy did not place total reliance on Mr. Lamy's alleged assurance.
Nor does the Edinburgh case cited by Academy support its position. In that case, a married couple made personal loans and assumed mortgage and repair obligations on an older woman's home based upon her oral promise, put into writing shortly thereafter, to bequeath the house to them. However, the couple were divorced, and the house was bequeathed only to the ex-wife. This court found that the ex-husband had reasonably relied upon the written promise of inheritance and therefore was entitled to recover those amounts he had expended on the house.
In this case, however, Academy's knowledge and experience in financial matters distinguish it from the unsophisticated claimant in Edinburgh. As seen in Oliver v. Central Bank, 26,932, pp. 11-12 (La.App. 2d Cir. 5/10/95), 658 So.2d 1316, 1323, writ denied, 95-1469 (La. 9/22/95), 660 So.2d 477, a promisee's business acumen is properly considered when determining reasonableness of the claimed reliance.
Finally, we note here that Academy has failed to prove any actual loss resulting from Lamy's failure to withhold funds from Ms. Johnson's settlement. Since the judgment on the debt was rendered prior to the alleged breach of Lamy's "promise," those expenses are not attributable to this act. Additionally, there has been no showing that the judgment is not legally enforceable against Ms. Johnson, or that the security interest in the vehicle has been impaired. Since no attempt has been made to execute on the judgment, no additional expenses have yet been incurred.
Although we find no error in the trial court's conclusion, we note that the judgment does not expressly include a dismissal of Academy's claim against Mr. Lamy, individually. The judgment is therefore amended to provide that it is in favor of Harold J. Lamy, individually, and Barker, Boudreaux, Lamy & Foley, A Law Corporation, and is affirmed as amended. Appellant is to bear all costs on appeal.
AMENDED AND AFFIRMED AS AMENDED.
PLOTKIN, J., concurs in the result.
NOTES
[1] Since the judgment was rendered against Ms. Johnson before she rescinded her instruction to Mr. Lamy, Academy's claim that prompt notification would have prevented any loss is difficult to credit.