SUSAN M. CHEHARDY, Judge.
 

 |3The plaintiff appeals several summary judgments that dismissed her tort claims. We affirm one judgment, vacate three other judgments, and remand.
 

 PROCEEDINGS BELOW
 

 This is a wrongful death and survival action brought by the survivors of Darren P. St. Pierre, who died of injuries sustained when his pickup truck crashed into the rear of an eighteen-wheel tractor-trailer rig.
 

 On October 5, 2005, at approximately 7:20 p.m., St. Pierre was driving south on Louisiana Highway 54 in St. John the Baptist Parish. Ahead of him on the road was a tractor rig pulling a tanker trailer, operated by Steven Guidry. Guidry’s rig had slowed because Guidry was preparing to make a left turn into the sewer treatment plant on the east side of Hwy. 54. As the rig began to make the turn, St. Pierre’s truck crashed into the rear of the tanker trailer.
 
 [1]
 
 St. Pierre was severely injured and died within a few hours.
 

 Darren St. Pierre’s widow, Christa St. Pierre (hereafter “the plaintiff’), filed suit individually and on behalf of her minor child against Steven A. Guidry, Jr., as driver of the eighteen-wheeler, and Louisiana S.W. Transportation, Inc., as his 14employer (hereafter collectively called “L.S.W.T.”); the Parish of St. John the Baptist (“the Parish”) in its capacity as owner of the Garyville Wastewater Treatment Facility; A3M Vacuum Services, Inc. (“A3M”), which contracted with the Parish to dispose wastewater in the Garyville facility and which hired L.S.W.T. to deliver wastewater to the facility; and various insurers of the defendants.
 
 [2]
 

 The plaintiff asserted her husband’s death resulted from a combination of events. She alleged the Parish and A3M were negligent in entering into a contract allowing A3M to truck in sanitary waste-water to the Parish’s Garyville treatment facility with full knowledge that the heavy truck traffic on Louisiana Highway 54 would be significantly increased, specifically by the slowing down and stopping of heavy trucks on a frequent basis, without taking steps to warn the motoring public
 
 *596
 
 of such activity. She alleged that Guidry failed to maintain a proper lookout, that he drove the truck beyond the safe and customary daily recommended allowance, and that he committed other acts of negligence set forth in the petition, to be proven at trial. The plaintiff further alleged that L.S.W.T. negligently hired and trained Guidry and encouraged him to drive beyond the daily time limits and in a fatigued state. Finally, the plaintiff alleged that A3M and L.SW.T. are vicariously liable for Guidry’s negligent acts.
 

 A3M filed a motion for summary judgment on the grounds that it is not vicariously liable because it did not exercise control over Guidry’s actions and that it had no duty to warn of increased truck traffic on the highway. The trial court granted the motion in part as to the issue of duty-to-warn, but denied it in part as to whether A3M exercised control over Gui-dry.
 

 The plaintiff filed a motion for reconsideration of the ruling, and also sought supervisory review by writ application to this Court. We denied the application | ¿because the motion to reconsider the ruling was still pending in the trial court. Subsequently the court denied the motion to reconsider.
 

 Thereafter the Parish filed a motion for summary judgment, asserting not only that it was not negligent, but also it was entitled to immunity pursuant to La.R.S. 9:2800.17. That statute, passed by Acts 2006, No. 402, § 1, eff. June 15, 2006, provides immunity to state and political subdivisions, as well as their employees, agents and representatives, for operational activities related to Hurricanes Katrina and Rita.
 
 [3]
 
 L.SW.T. and A3M also filed motions for summary judgment, claiming immunity under La.R.S. 9:2800.17. In addition, A3M and L.S.W.T. claimed immunity under La.R.S. 29:735, a part of the Louisiana Homeland Security and Emergency Assistance and Disaster Act, which provides for immunity from liability of the state, its political subdivisions, agencies, and their employees or representatives engaged in homeland security and emergency preparedness activities.
 

 The Parish, A3M, and L.S.W.T. asserted that the wastewater being delivered by L.S.W.T. on behalf of A3M was generated by cruise ships moored in the Mississippi River that were providing temporary housing for post-Katrina rescue, emergency, and law enforcement personnel, and that A3M was under contract with Waste Management National Services, Inc. (“WMNS”).to pick up the wastewater.
 

 The trial court granted the summary judgment motions based on statutory immunity under La.R.S. 9:2800.17 and rendered separate judgments for each of the motions. As to A3M and its insurer the court ruled, “Defendants are entitled to immunity as contractors of the Parish of St. John the Baptist pursuant to La.R.S. 9:2800.17. Because Defendants are entitled to immunity under La.R.S. 9:2800.17, the Court does not reach the issue of whether Defendants are entitled to immunity | (iunder the Louisiana Homeland Security Emergency Act provided for in La.R.S. 29:721 et seq.” The judgments in favor of the Parish and L.S.W.T. simply granted their motions without written comment.
 

 On appeal the plaintiff asserts (1) the trial court erred in granting summary judgment in favor of A3M, L.S.W.T., and the Parish on the basis of statutory immunity under La.R.S. 9:2800.17, because ap
 
 *597
 
 plication of the statute deprives the plaintiff of her vested cause of action arising from her husband’s fatal accident; (2) the trial court erred in granting A3M’s motion for summary judgment on liability, thereby dismissing the negligence or “duty to warn” claim against A3M, and in denying the plaintiffs motion to reconsider the ruling.
 

 After the appeal was lodged, the plaintiff filed in this Court a “Motion for Leave to Oppose the Application of La.R.S. 9:2800.17 to This Litigation and to Appoint a Private Process Server to Effect Service Upon the Louisiana Attorney General.” She argued that the statute was passed in June 2006, well after her cause of action accrued in October 2005 and after her suit was already pending. She asserted that by granting the motions filed by the defendants, the trial court unconstitutionally divested her of her vested cause of action concerning her husband’s fatal accident. We granted permission for the plaintiff to file the motion and to serve the state attorney general.
 
 [4]
 

 LAW AND ANALYSIS
 

 Statutory Immunity
 

 As noted above, La.R.S. 9:2800.17 provides immunity of state and political subdivisions for operational activities related to Hurricanes Katrina and Rita, in pertinent part as follows:
 

 |7A. (1) The state, or any political subdivision thereof, or any public entity, meaning and including the state and any of its branches, departments, offices, agencies, boards, commissions, instru-mentalities, officers, officials, employees, and them agents, employees, contractors, volunteers, or representatives engaged in any operational decisions or activities in the aftermath of Hurricanes Katrina and Rita shall not be civilly liable for the death of, or any injury to, any person or damage to property as a result of such activity, except in the event of gross negligence or willful misconduct.
 

 The statute was enacted by Acts 2006, No. 402, § 1. Section 2 of Act 402 provides, “The provisions of this Act shall have both prospective and retroactive application and shall be applied retroactively to August 29, 2005.” (Section 3 provides the provisions of the Act “shall terminate and expire on August 28, 2008.”)
 

 We find the motions for summary judgment were improperly granted because the movers failed to establish properly that A3M and L.S.W.T. were “agents, employees, contractors, volunteers, or representatives” of the “state, or any political subdivision thereof, or any public entity, meaning and including the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees.... ” A3M and L.S.W.T. hold themselves out as agents of the Parish and, as such, entitled to protection under the immunity statutes. In fact, although A3M and L.S.W.T. contracted with the Parish, they were not operating on behalf of the Parish but rather on behalf of WMNS and, presumably, on behalf of a government agency with which WMNS had contracted to dispose of wastewater from the ships that housed emergency response workers. However, none of the affidavits and other documents filed by A3M and L.S.W.T. disclose that “chain of custody” of the wastewater. Hence, we deem the supporting papers
 
 *598
 
 inadequate to settle the material question of fact as to whether A3M and L.S.W.T. were acting as “agents, employees, contractors, volunteers, or j ^representatives” of the “state, or any political subdivision thereof, or any public entity” as required for the immunity statutes to apply.
 

 Similarly, in order to establish its right to immunity under those statutes, the Parish was required to show the wastewater it was receiving resulted from Hurricane Katrina. In support of its motion the Parish filed a copy of the Wastewater Discharge Permit issued by its Department of Utilities to A3M on September 12, 2005. Attached to the permit was a copy of an On-Site Environmental and Remediation Services Subcontract between WMNS and A3M. That contract, however, was dated November 25, 2003 (prior to Hurricane Katrina), and it made no reference to Hurricane Katrina. There were no documents, affidavits or depositions from WMNS or government agency personnel to support the Parish’s claim that the wastewater A3M was discharging into the Parish’s water treatment facility was a product of Katrina-related operational activities. There was nothing to show a chain linking A3M (and through it, the Parish) to the state, or any public entity as the source of the wastewater, or the source of the wastewater as disaster-related operations.
 

 Likewise, the documents offered in support of the motions for summary judgment by A3M and L.S.W.T. on the immunity issue fail to link A3M, or L.S.W.T. as subcontractor to A3M, to the state, or any public entity, as the source of the wastewa-ter, or to show that the source of the wastewater was Katrina-related operations. A3M’s motion included an affidavit by A3M manager Pat Sellars that A3M contracted with WMNS “to provide environmental services, including the transporting and disposal of sewer water from various barges housing Hurricane Katrina emergency relief workers.” Like the Parish, however, A3M does not provide supporting documents to establish a chain linking WMNS back to a public |flentity. Thus, there remains a question of material fact as to whether A3M could be considered within the classes protected by the immunity statutes.
 

 On motion for summary judgment the mover bears the burden of proof that there is no genuine issue of material fact and that the mover is entitled to summary judgment as a matter of law. La.C.C.P. art. 966. “It is insufficient for an affiant to merely declare he has personal knowledge of a fact. The affidavit must affirmatively establish that the affiant is competent to testify to the matter stated by a factual averment showing how he came by such knowledge.”
 
 Barham & Churchill v. Campbell & Associates,
 
 503 So.2d 576, 579 (La.App. 4 Cir.1987).
 

 Here, the documents provided by the Parish, A3M, and L.S.W.T. do not provide facts to support the theory that A3M and L.S.W.T. were “agents, employees, contractors, volunteers, or representatives” of the “state, or any political subdivision thereof, or any public entity.”
 
 [5]
 
 Accordingly, they do not properly support
 
 *599
 
 summary judgments in favor of the movers. Those judgments are vacated.
 

 Attack on Constitutionality Made in Appellate Court
 

 The trial court did not rule on constitutionality of La.R.S. 9:2800.17 because the issue had not been presented in the proper pleadings, nor had the attorney general been served. The plaintiff attempted to cure that problem by filing her motion in this Court, and serving it on the attorney general. On consideration of the record, however, we find our order permitting the plaintiff to file the motion raising unconstitutionality in this Court was improvidently granted.
 

 | mUnder La.C.C.P. art. 852, the pleadings allowed in civil actions are petitions, exceptions, written motions and answers. Therefore, when the unconstitutionality of a statute is specifically pleaded, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer.
 
 Vallo v. Gayle Oil Company, Inc.,
 
 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 865. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings.
 
 Id.
 

 The plaintiff does not contend that La. R.S. 9:2800.17 is unconstitutional on its face, but only that it would be unconstitutional to apply the statute to the facts of this particular case.
 
 [6]
 
 She states she filed the motion in this Court to satisfy the requirement that the unconstitutionality of a statute must be raised in a pleading, such as a motion, petition, answer or exception. At the trial court level she raised the unconstitutionality issue in various memoranda in opposition to the motions for summary judgment filed by the defendants. She states that none of the defendants objected to the manner in which she asserted it, nor to her failure to serve the Attorney General.
 

 Louisiana litigants must raise constitutional attacks in the trial court, not the appellate courts, and the constitutional challenge must be specially pleaded and the grounds for the claim particularized.
 
 Unwired Telecom Corp. v. Parish of Calcasieu,
 
 2003-0732, p. 6 (La.1/19/05), 903 So.2d 392, 399.
 

 In Several exceptions to this general rule have been recognized: (1) when a statute attempts to limit the constitutional power of the courts to review cases; (2) when the statute has been declared unconstitutional in another case; (3) when the statute applicable to the specific case becomes effective after the appeal is lodged in the higher court; or (4) when an act which is the basis of a criminal charge is patently unconstitutional on its face and the issue is made to appear as an error patent on the
 
 *600
 
 face of the record.
 
 Mosing v. Domas,
 
 2002-0012 (La.10/15/02), 830 So.2d 967.
 

 None of those situations fits in this case. We erred in granting the plaintiffs motion to raise the constitutionality of the statute in this Court when it was not properly raised in the district court. To better resolve the constitutional issues, we vacate the judgments and remand the matter to the trial court, where the plaintiff may raise the issues properly and the trial court may consider and rule on the constitutional questions.
 

 Duty to Warn Claim Against A3M
 

 The plaintiff appealed the judgment that denied her motion to reconsider the July 27, 2007 partial summary judgment dismissing the duty-to-warn claim against A3M. We note that appeal of the denial of the motion to reconsider is actually an appeal of the underlying judgment, because that judgment was not final until the motion to reconsider was decided. Although the July 27, 2007 judgment dismissed only part of plaintiffs claims against A3M, the trial court designated it (via the judgment on the motion to reconsider) as final for purposes of appeal, pursuant to La.C.C.P. art. 1915(B)(1).
 

 We find no error in the ruling. The trial court found that A3M had no duty to warn of highway conditions because the Department of Transportation and Development (“DOTD”) has the statutory duty to supervise and regulate all traffic |12on state highways. La.R.S. 32:2; La.R.S. 48:21. As such, DOTD’s regulatory duties include providing signs to warn motorists of unexpected dangers. We find no basis to establish a duty on the part of A3M to warn motorists of dangers on a state highway under the circumstances in this case.
 

 Decree
 

 For the foregoing reasons, we affirm the judgment of July 27, 2007 granting partial summary judgment in favor of A3M Vacuum Services on the issue of a duty to warn relating to traffic on the highway, and the judgment of October 17, 2007 denying the plaintiffs motion to reconsider the July 27, 2007 judgment.
 

 We vacate our order that allowed the plaintiff to file the Motion for Leave to Oppose Application of La.R.S. 9:2800.17 and to serve such pleadings on the Louisiana Attorney General.
 

 We vacate the judgments granting summary judgment on the issue of statutory immunity, specifically the judgment of September 26, 2007 in favor of A3M Vacuum Service, Inc. and Evanston Insurance Company; the judgment of October 3, 2007 in favor of the Parish of St. John the Baptist; the judgment of November 15, 2007 in favor of United States Fire Insurance Company, Louisiana S.W. Transportation, Inc., and Steven A. Guidry.
 

 The case is remanded to the district court, which is instructed to permit the defendants to supplement their motions for summary judgment, considering our ruling on the issues of genuine material fact. In addition, the court shall permit the plaintiff to file appropriate pleadings regarding the constitutionality of La.R.S. 9:2800.17 and/or La.R.S. 29:735. Thereafter, the district court shall consider and rule on the issues as raised by such pleadings and other documents.
 

 11HWe defer assessment of costs of this appeal, which may be taxed by the trial court upon completion of the lawsuit.
 

 JUDGMENT OF JULY 27, 2007 AFFIRMED; JUDGMENTS OF SEPTEMBER 26, 2007, OCTOBER 3, 2007, AND
 
 
 *601
 

 NOVEMBER 15, 2007 VACATED; CASE REMANDED.
 

 [1]
 

 . Guidry asserted he had slowed his rig to five to ten miles per hour and had activated his turn signal about 200 feet before he reached his turning point. The defendants allege that St. Pierre's truck was traveling at approximately 71 miles per hour in a 55-mile-per-hour zone.
 

 [2]
 

 . The insurers arc Evanston Insurance Company (A3M); United States Fire Insurance Company (LSWT and Guidry); St. Paul Fire & Marine Insurance Company (the Parish).
 

 [3]
 

 . La.R.S. 9:2800.17 expired effective August 28. 2008. under the terms of Acts 2006. No. 402, § 3.
 

 [4]
 

 . The plaintiff has filed an affidavit of proof of service, stating that service was made on the attorney general’s office by a private process server. The attorney general has not responded.
 

 [5]
 

 . "An agency relationship is never presumed. In Louisiana an agency relationship is created by either express appointment of a mandatary under LSA-C.C. art. 2985, or by implied appointment arising from apparent authority. Therefore, an agent's authority is composed of his actual authority, express or implied, together with the apparent authority which the principal has vested in him by his conduct.”
 
 Duplessis Cadillac, Inc. v. Creative Credit Services, Inc.,
 
 564 So.2d 336, 338-339 (La.App. 1 Cir.1990), citing
 
 Boulos v. Morrison,
 
 503 So.2d 1 (La.1987).
 

 [6]
 

 . The plaintiff relies on our supreme court’s recent decision in
 
 Burmaster v. Plaquemines Parish Government,
 
 2007-2432, pp. 1-2 (La.5/21/08), 982 So.2d 795, 798-799, which upheld a lower court judgment that declared unconstitutional La. Act 545 of 2006, incorporated into the Louisiana Revised Statutes as 9:2800(H). The
 
 Burmaster
 
 court found application of the statute was unconstitutional because the plaintiffs' claims accrued, became vested, and were pending prior to the effective date of the act, and application of the statute would divest plaintiffs of their due process rights. 2007-2432 at 1, 982 So.2d at 799. The supreme court concluded the statute was enacted after acquisition of a vested property right, and therefore it "cannot be retroactively applied so as to divest the plaintiff of his vested right in his cause of action because such a retroactive application would contravene the due process guaranties.” 2007-2432 at 17, 982 So.2d at 808. Like the act that created the statute in this case, Act 545 of 2006 contains an express retroactivity clause.