361 So.2d 32 (1978)
Mrs. Walter ATKINSON et al.
v.
ALLSTATE INSURANCE COMPANY et al.
No. 6531.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
Rehearing Denied August 15, 1978.
Writ Refused October 10, 1978.
Davidson, Meaux, Sonnier & Roy, L. Lane Roy and Edward O. Taulbee, IV, Lafayette, for defendants-appellants.
Nathan A. Cormie, Lake Charles, for plaintiffs-appellees.
Voorhies & Labbe, Richard D. Chappuis, Jr., Lafayette, Caffery, Duhe, Oubre & Gibbens, Jerry A. Oubre, New Iberia, Roy & Forrest, L. Albert Forrest, New Iberia, McBride & Brewster, Norman P. Foret, Lafayette, Lewis & Lewis, James T. Guglielmo, Opelousas, Allen, Gooch & Bourgeois, Paul J. Breaux, Lafayette, Richard R. Kennedy, Lafayette, Provost, Ernest & Schwing, James W. Schwing, New Iberia, Pugh & Boudreaux, Charles J. Boudreaux, Lafayette, for defendants-appellees.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
WATSON, Judge.
This is a suit for damages arising out of a multi-vehicular accident, which occurred October 12, 1975, on U.S. Highway 90 near New Iberia, Louisiana. Named as defendants were Irving J. East, one of those involved in the accident, and his insurer, Allstate Insurance Company. Allstate and East filed third party demands against numerous *33 defendants.[1] Five of these third party defendants, R. C. Spikes, Inc., Quang B. Dao, Merle H. Ruff, Joseph C. Bourque and Louis Comeaux, were granted summary judgments by the trial court. Allstate and East have appealed.
The issue is whether the trial court erred in granting the summary judgments.
The following facts are undisputed for purposes of this appeal:
On October 12, 1975, at approximately 8:00 a. m., Mrs. Walter Atkinson was proceeding west on U.S. Highway 90 with her visibility impaired by a dense fog and/or smoke bank. As she slowed her vehicle, it was struck from the rear by a vehicle owned by R. J. Reaux and driven by his wife, Emily. The Reaux vehicle was rearended by a vehicle driven by Irving J. East. A separate collision, involving an automobile owned by Spikes, Inc., and being driven by one of its employees, Dao, and a vehicle driven by Ruff, occurred in the vicinity of the Atkinson-Reaux-East accident. Vehicles driven by Bourque and Comeaux were also involved in accidents that morning in the same area.
Appellants contend that the affidavits filed by the parties moving for summary judgment failed to establish the lack of a material factual issue when statements not based on personal knowledge are eliminated.
The jurisprudence has established several clear rules to be observed in considering motions for summary judgment:
A party who seeks a summary judgment bears the burden of showing that there is no genuine issue of material fact. Any doubt as to granting the motion shall be resolved in favor of trial on the merits. Craft v. Trahan, 351 So.2d 277 (La.App. 3 Cir. 1977); Moreaux v. American Mutual Insurance Company, 302 So.2d 686 (La.App. 3 Cir. 1974), writ not considered, 307 So.2d 627 (1975). LSA-C.C.P. art. 967 concerning affidavits filed in support of motions for summary judgment, requires that affidavits shall be made on personal knowledge. The purpose of the requirement of "personal knowledge" is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses. Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3 Cir. 1971). Portions of affidavits not based on personal knowledge of the affiant should not be considered by the trial court in deciding a motion for summary judgment. Hidalgo v. General Fire & Casualty Company, supra; Warden v. Southwest Louisiana Hospital Association, 300 So.2d 590 (La.App. 3 Cir. 1974); Manuel v. Shaheen, 316 So.2d 878 (La.App. 3 Cir. 1975).
An opponent to a motion for summary judgment cannot solely rely on the allegations or denials of his pleadings, but must file counter affidavits or give stated reasons why he cannot present facts by affidavits in support of his opposition to the motion. LSA-C.C.P. art. 967; Written v. Police Jury of Parish of St. Mary, 297 So.2d 708 (La.App. 1 Cir. 1974); Roach v. Liberty Mutual Insurance Company, 279 So.2d 775 (La.App. 1 Cir. 1973); writ denied 281 So.2d 756.
The mere possibility that an opponent could raise a factual issue does not defeat a summary judgment, if the opponent does not do so. Welsh Southern Oil Co. v. Scurlock Oil Co., 201 So.2d 376 (La. App. 3 Cir. 1967). In the absence of any counter affidavits, it must be assumed that there is no dispute with regard to the facts as set forth in the mover's affidavits. Trahan v. Liberty Mut. Ins. Co., 348 So.2d 205 (La.App. 3 Cir. 1977), writ denied 351 So.2d 163; Joiner v. Lenee, 213 So.2d 136 (La. App. 3 Cir. 1968), writ refused 252 La. 960, 215 So.2d 129.
We now consider the evidence offered in support of the various parties' motions for summary judgment:

SPIKES, INC.-DAO AND RUFF
The motion for summary judgment filed by Ruff was supported by the affidavits *34 of Dao, Ruff, and Gerald Latiolais, the State Trooper who investigated the collisions. No counter affidavits were filed by Allstate. The third party demand filed by Allstate alleged that the Dao-Ruff collision blocked the highway and created a sudden emergency or hazardous condition, which made the East accident unavoidable.
Dao's affidavit stated that he was driving a 1975 Datsun automobile owned by his employer, R. C. Spikes, Inc., on the morning of the accident. While proceeding in a westerly direction along U.S. Highway 90, his vehicle was suddenly struck from the rear by a 1970 Oldsmobile driven by Ruff. Following the impact, both drivers brought their vehicles to a complete stop and inspected for damages or injuries. Observing none, both drove their vehicles onto the right shoulder off the highway. After pulling completely off the highway, both drivers again got out of the vehicles to make further inspections and discuss the collision. While the vehicles were parked on the shoulder of the road, Dao heard the sound of another collision. At the time of this second impact, his vehicle and Ruff's had been stopped and parked off the highway for several minutes.
The affidavit of Ruff gives basically the same factual picture. Ruff stated that, after he drove his vehicle off the highway onto the shoulder, he disembarked from his vehicle and walked to the passenger side of his automobile to get his wife and child out of the car. While outside his car, he heard the noise of a collision occurring on the highway near him and shortly thereafter the noise of another collision. Ruff stated he was not involved in these other collisions.
Officer Latiolais' affidavit stated that, upon his arrival at the scene, he found two vehicles entirely off U.S. Highway 90 on the northern shoulder of the road. The two vehicles were a 1975 Datsun (Dao) and a 1970 Oldsmobile (Ruff). Both vehicles were stopped and parked at the time of his arrival.
The trial court apparently concluded that Dao and Ruff met their burden of proving that their vehicles did not contribute to the Atkinson-Reaux-East collision. The pertinent passages of the affidavits are all based upon personal knowledge of the accidents and could be considered by the trial court. They show that the Dao and Ruff vehicles were completely off the highway before any other collisions occurred, and did not create a hazard to other vehicles. The affidavits offered in support of the motions for summary judgment by Spikes, Inc.-Dao and Ruff are convincing that no genuine issue as to any material facts exists. There was no error in granting summary judgment in favor of Spikes, Inc.-Dao and Ruff.

BOURQUE
The affidavits of Bourque and Officer Latiolais were filed in support of Bourque's motion for summary judgment. No counter affidavits were submitted by the opposing party. Appellants again contend that genuine issues of material fact exist. It is urged that these affidavits do not clarify certain material facts: whether the Bourque accident preceded the Atkinson-Reaux-East collision and blocked the highway; and whether the Bourque vehicle was a part of the Atkinson-Reaux-East collision.
Bourque's affidavit recites that he was driving a 1972 Cadillac automobile in a westerly direction along U.S. Highway 90 on the morning in question. He observed a pedestrian on the right-hand side of the road attempting to flag down drivers. Immediately afterward, Bourque noticed a 1973 Oldsmobile stopped ahead of him in his lane of travel. He applied his brakes and came to a complete stop behind the Oldsmobile. While doing this, he heard the squealing of brakes behind him from a 1967 Buick, which was struck in the rear by a tractor-trailer rig. The tractor-trailer truck pushed the Buick to the right side of the road; the truck then jackknifed and struck the rear of Bourque's automobile. This impact forced Bourque's car into the Oldsmobile. Bourque stated that several other accidents occurred that morning but the only accident in which he was involved concerned these four vehicles.
*35 Officer Latiolais' affidavit states that several separate accidents occurred on U.S. Highway 90 that morning, but the Bourque accident was limited to the following parties: a 1973 Oldsmobile driven by Comeaux, a 1972 Cadillac driven by Bourque, a 1967 Buick driven by a David Robertson, a tractor-trailer rig owned by the Canal Refining Company and driven by Harold P. Castille, and a pedestrian named Willie J. Rollins. Latiolais' investigation at the scene revealed that the Comeaux vehicle had apparently stopped on the highway because of previous accidents. After the chain of impacts occurred, the Comeaux and Bourque vehicles were pushed into the drainage ditch on the right side of the road.
The affidavits of Bourque and Latiolais establish that Bourque was not involved with the other accidents occurring that morning, because the Bourque vehicle ended up in the roadside drainage ditch. These statements were based upon personal knowledge of both the driver involved in the collision and the trooper who observed the positions of all the vehicles involved in accidents that day.
Appellants did not file any counter affidavits. Appellants chose to rely solely on the allegations of the third party demand in opposing the motion for summary judgment. Since the crucial facts were not disputed, it must be concluded that there was no genuine issue as to these facts. These facts negate the allegations that Bourque's vehicle was blocking the highway, creating an unavoidable hazard, and that Bourque was a part of the Atkinson-Reaux-East collision. The uncontradicted facts are sufficient to support the trial judge's granting of summary judgment as to Bourque.

COMEAUX
Appellants' brief does not specifically contest the summary judgment in favor of Comeaux. It is assumed that any argument would be similar to the one opposing Bourque's dismissal. However, the affidavits offered in support of Comeaux's motion again establish certain important facts. These affidavits were not contradicted other than by the allegations contained in the third party demand. The trial judge did not err in granting Comeaux's motion for summary judgment.
For the above reasons, the judgments of the trial court; granting summary judgment to R. C. Spikes, Inc., Quang B. Dao, Merle H. Ruff, Joseph C. Bourque and Louis Comeaux; are affirmed with all costs of this appeal assessed to appellants, Irving J. East and Allstate Insurance Company.
AFFIRMED.
NOTES
[1] Other third party demands were filed but they are not at issue in this appeal.