449 So.2d 145 (1984)
EXPRESS PUBLISHING COMPANY, INC.
v.
GIANI INVESTMENT COMPANY, INC.
No. CA-0765.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
*146 Brian M. Begue, New Orleans, for plaintiff-appellee.
Henican, James & Cleveland, C. Ellis Henican, Jr., Melanie Shaw, New Orleans, for defendant-appellant.
Before GARRISON, AUGUSTINE, BYRNES, LOBRANO and WILLIAMS, JJ.
AUGUSTINE, Judge.
Express Publishing Company, Inc. filed this suit against Giani Investment Company to recover $6,672.44 allegedly due on open account. The plaintiff's petition alleges that the indebtedness arises from GIANI's refusal to pay for certain goods delivered to the defendant between the dates of November 30, 1981 and March 4, 1982. GIANI answered, denying that it had purchased any goods from EXPRESS on open account, and denying plaintiff's allegation that the goods in question had been delivered.
Plaintiff subsequently filed a motion for summary judgment, attaching the sworn affidavit of Mr. Edward Randazza, the president of EXPRESS. The pertinent part of that document states:
"1. That he (Randazza) is the President and sole shareholder of Express Publishing Company, Inc., and in that capacity is familiar with the daily operations of the company;
2. That he (Randazza) personally supervised all transactions with the defendant, Giani Investment Company, Inc., which are the subject matter of this lawsuit, and swears that the merchandise was delivered as alleged, and that the payments were not made;"
The defendant, GIANI, moved to strike the plaintiff's affidavit on the ground that the allegations of fact contained therein (specifically, those concerning delivery) were not based upon the affiant's personal knowledge, as required by Article 967 of the Louisiana Code of Civil Procedure.[1] Before the trial court ruled on defendant's motion to strike, plaintiff amended the affidavit to aver that:
"4. Affiant further declares that this Affidavit is based on his personal knowledge, all gathered as a result of his activities in connection with paragraphs one and two hereinabove;"
GIANI again opposed the plaintiff's motion for summary judgment, contending that the plaintiff's affidavit, even as amended, did not sufficiently indicate that it was based upon Randazza's personal knowledge. The trial court disagreed, and granted judgment in favor of EXPRESS in the amount prayed for. GIANI now appeals, again urging the insufficiency of Randazza's affidavit.
In weighing the merits of appellant's opposition to the plaintiff's motion, it must be constantly borne in mind that summary judgment is a drastic remedy which should not be granted unless the moving party has established his right to judgment with such clarity as to leave no room for controversy. A motion for summary judgment should be granted if, and only if, the pleadings, depositions, admissions, and affidavits show that there is no genuine dispute as to any material fact, and that the mover is entitled to judgment as a matter of law. La.Code of Civil Proc. Art. 967; Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Santiago v. Equipment Leasing of California, 420 So.2d 209 (La.App. 4th Cir. 1982). Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers' Surplus Line Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., supra.
Regarding the use of affidavits, the requirement of La.C.C.P. Art. 967 that "affidavits shall be made on personal knowledge" *147 has been strictly enforced: it is insufficient for an affiant to merely declare that he has "personal knowledge" of a certain fact. The affidavit must affirmatively establish that the affiant is competent to testify to the matters stated by a factual averment showing how he came by such knowledge. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978); Benoit v. Burger Chef Systems of Lafayette, Inc., 257 So.2d 439 (La.App. 1st Cir.1972); Antonio v. Barnes, 464 F.2d 584 (4th Cir.1972).
The trial court erred in finding that Randazza's affidavit satisfied the strict requirements of Art. 967, for it is one thing for a merchant to be "familiar with the daily operations of the (plaintiff's) company" and to "supervise all transactions" with another merchant; it is something else entirely for him to personally know that a certain delivery of goods has actually taken place. "Personal knowledge" encompasses only those facts which the affiant saw, heard or perceived with his own senses. Atkinson v. Allstate Ins. Co., 361 So.2d 32 (La.App. 3rd Cir.1978). Randazza made no such averrments with respect to delivery of the goods in question, and reduced to its elements, his affidavit is nothing more than an allegation based upon "information and belief." No matter how apparently reliable, "information and belief" is universally rejected as a substitute for personal knowledge and therefore cannot form the basis of a motion for summary judgment. See Benoit v. Burger Chef Systems of Lafayette, Inc., supra, and cases cited in 10A Wright, Miller & Kane Federal Practice and Procedure, 2738 (1983).
Given that the plaintiff's affidavit was fatally defective, the summary judgment in his favor is hereby vacated and the case is remanded for further proceedings. Costs of this appeal are to be borne by the plaintiff.
REVERSED and REMANDED.
WILLIAMS, J., dissents with reasons.
WILLIAMS, Judge, dissenting.
I would hold that the amended affidavit was adequate. The majority opinion severely and unrealistically limits the use of affidavits in summary judgment proceedings.
NOTES
[1] La.C.C.P. Art. 967 states, in pertinent part:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."