| | | |
|---|---|---|
| **DANIEL HARRIS** | * | **NO. 2020-CA-0248** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **BOH BROS. CONSTRUCTION** | * | |
| **CO., LLC AND ABC** | | **FOURTH CIRCUIT** |
| **INSURANCE COMPANY** | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-03303, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*

Judge Paula A. Brown
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge Dale N. Atkins)

**BELSOME, J., CONCURS IN THE RESULT**

Vanessa Motta
MOTTA LAW LLC
3632 Canal Street
New Orleans, LA 70119

> COUNSEL FOR PLAINTIFF/APPELLANT

Michael R.C. Riess
Michael D. Lane
RIESS LEMIEUX, LLC
1100 Poydras Street, Suite 1100
New Orleans, LA 70163

> COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**
**December 16, 2020**

PAB
DNA

This is a personal injury suit.  Plaintiff/Appellant, Daniel Harris, appeals the district court's January 10, 2020, judgment, granting Defendant/Appellee's, Boh Bros. Construction Co., LLC ("Boh Bros."), motion for summary judgment.  From this judgment, Mr. Harris seeks appellate review.  For the following reasons, we reverse the district court's judgment.

## FACTS/PROCEDUAL HISTORY

Boh Bros. entered into a contract with the United States Government Army Corps of Engineers (the "Corps") to work on the Southeast Louisiana Urban Flood Control Project (the "Project") in the uptown area of New Orleans, Louisiana.  The Project was initiated by the Corps to address flooding in Southeast Louisiana.  The Corps provided the plans and specifications for the Project.  The contract provided that a concrete canal, which was comprised of a fifteen-feet deep box culvert, be built underneath Louisiana Avenue that spanned from Constance Street to South Claiborne Avenue.  The walls of the culvert were to be lined with a steel retaining wall with a minimum height of three feet (36 inches) above the existing grade to give protection against falls into the culvert.  According to Boh Bros., it installed the steel retaining wall at a height of 42 inches above the existing grade, exceeding

1

the minimum requirement of 3 feet. Boh Bros. also contended that the specifications required a minimum of a six-foot chain-linked fence be built around the neutral ground of Louisiana Avenue.

On the evening of April 8, 2016, Mr. Harris, who is legally blind, was in the New Orleans uptown area near Louisiana Avenue visiting his stepdaughter. After staying a few hours at his stepdaughter's house, Mr. Harris walked to a near-by store, assisted by a neighborhood friend. At some point, the friend left Mr. Harris at the store. The store was in a location where Mr. Harris was not required to cross the street to get to his stepdaughter's home.

The next morning, on April 9, 2016, Boh Bros.' personnel found Mr. Harris inside the fence, lying at the bottom of a box culvert located in the neutral ground on Louisiana Avenue between South Robertson Street and Freret Street. To enter the construction site in the area where Mr. Harris was found, Mr. Harris had to cross the street from his location at the store.

Mr. Harris suffered injuries as a result of his fall. Mr. Harris could not recall how he got into the culvert.[1]

---

[1] During his deposition, Mr. Harris explained:

> Q. So you don't have any memory at all from the steps in front of your [step]daughter's house until a week later in the hospital when you started asking what happened or why am I here?
> A. Yes.
> Q. Regarding the facts of this accident and the route you took, the sequence you took, you have no memory of any of that; correct?
> A. Yes.
> Q. You can't tell me any witnesses, you know, eyewitnesses to your accident or anything; right?
> A. See, I don't know that part.

Mr. Harris filed a petition and an amended petition for damages against Boh Bros. In response, Boh Bros. answered the petition and pled affirmative defenses, including statutory immunity pursuant to La. R.S. 9:2771.[2]

On April 22, 2019, Boh Bros. filed a motion for summary judgment, and Mr. Harris responded with an opposition. A hearing was held Bon July 18, 2019; the district court deferred ruling on the summary judgment motion to allow the parties to submit supplemental memoranda. In the supplemental memorandum, Boh Bros. argued that three of Mr. Harris' exhibits—a video, and exhibits 3 and 8, which were photographs—should be excluded. On January 10, 2020, the district court issued judgment excluding all three exhibits and granting summary judgment in favor of Boh Bros. This timely appeal followed.[3]

## DISCUSSION

Mr. Harris essentially assigns two errors: (1) the district court erred in excluding the video and exhibits 3 and 8; and (2) the district court erred in granting the motion for summary judgment in favor of Boh Bros.

---

[2] La. R.S. 9:2771 provides:

> No contractor, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9), shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration, or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration, or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor.

[3] Because counsel for Mr. Harris improperly attached exhibits, marked 1 to 10, to the appellate brief, Boh Bros. filed a motion to strike, which this Court granted. *See* Uniform Rules, Courts of Appeal, Rule 2-12.4. This Court's order was limited to those exhibits attached to the appellate brief, which may be duplicative to the exhibits included in the appellate record. Notwithstanding, the exhibits submitted with the motion and opposition to summary judgment filed in the district court and filed in the appellate record are properly before this Court with the exception of Mr. Harris' video and exhibits 3 and 8, which were excluded by the district court and will be addressed as an assigned error.

Before turning to the assigned errors, we look at the standard of review, the burden of proof, and the evidence that a trial court shall consider in ruling on a motion for summary judgment. In *Filmore Parc Apartments II v. Foster*, 18-0359, 2018 WL 5830453, at \*6 (La. App. 4 Cir. 11/7/18), *writ denied*, 18-2050 (La. 2/11/19), 263 So.3d 1151 (footnote omitted), this Court explained, in pertinent part:

> "A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by the litigant." *Tate v. Touro Infirmary*, 17-0714, p. 1 (La. App. 4 Cir. 2/21/18), —— So.3d ——, ——, 2018 WL 992322, *writ denied*, 18-0558 (La. 6/15/18), 245 So.3d 1027 (citing La. C.C.P. art. 966(A)(1)). Generally, the burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). An appellate court's standard of review for a grant of a summary judgment is *de novo*, and it employs the same criteria district courts consider when determining if a summary judgment is proper. *Madere v. Collins*, 17-0723, p. 6 (La. App. 4 Cir. 3/28/18), 241 So.3d 1143, 1147 (citing *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418, p. 25 (La. 7/10/06), 935 So.2d 669, 686). In *Chanthasalo v. Deshotel*, 17-0521, p. 5 (La. App. 4 Cir. 12/27/17), 234 So.3d 1103, 1107 (quoting *Ducote v. Boleware*, 15-0764, p. 6 (La. App. 4 Cir. 2/17/16), 216 So.3d 934, 939, *writ denied*, 16-0636 (La. 5/20/16), 191 So.3d 1071), this Court explained:
>
>> This [*de novo*] standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

4

On a motion for summary judgment, the burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). If the moving party will not bear the burden of proof at trial, the moving party must point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. La. C.C.P. art. 966(D)(1). However, the moving party cannot simply file a motion for summary judgment that lacks proper support and rely on the fact that the opposing party will bear the burden of proof at trial. *See Berard v. Home State Cty. Mut. Ins. Co.*, 11-1372, p. 4 (La. App. 3 Cir. 5/9/12), 89 So.3d 470, 472. Once the moving party has met its burden on summary judgment, the adverse party must produce factual support sufficient to establish that he/she will be able to satisfy his/her evidentiary burden of proof at trial. *Davis v. A Bar & Grill with a Bite, Inc.*, 19-1928, p. 2 (La. 3/16/20), 294 So.3d 1051, 1052.

Instructively, La. C.C.P. art. 966(A)(3) and (4) provide:

(3) After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.

(4) The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

Supporting affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ." La. C.C.P. art. 967(A).

With these principles in mind, we conduct our *de novo* review.

Boh Bros. filed a motion for summary judgment on four grounds: (1) the accident was the fault of Mr. Harris; (2) Boh Bros. was entitled to "government contractor immunity";[4] (3) Boh Bros. did not breach any duty owed to Mr. Harris; and (4) Mr. Harris could not sustain his burden of proof on causation. In support, Boh Bros. attached the following:

1. Affidavit of Cameron Johnson, project manager for Boh Bros.;

2. excerpt of the specifications and plans of the Project for the retaining wall that surrounded the culvert;

3. photograph of the retaining wall;

4. photograph of the chain-linked fence;

5. deposition of Mr. Harris;

6. affidavit of Troy Miceli, the investigator hired by Boh Bros. to investigate Mr. Harris' accident;

7. deposition of Shirley Morgan, sister and caregiver of Mr. Harris; and

8. video of Mrs. Morgan and Mr. Harris recorded by Mr. Miceli, depicting Mrs. Morgan speaking to a third party and stating that someone pushed Mr. Harris into the culvert or he fell, "we don't know."

---

[4] In its answer, Boh Bros. pled the affirmative defense of statutory immunity, pursuant to La. R.S. 9:2771. In its motion for summary judgment, however, Boh Bros. abandoned the affirmative defense pursuant to La. R.S. 9:2771, and it asserted immunity as a government contractor, citing *Boyle v. United Tech. Corp.,* 487 U.S. 500, 108 S.Ct. 2510 (1988). Generally, an affirmative defense must be pled in the answer or it is waived. *See* La. C.C.P. art. 1005; *Davis v. Nola Home Constr., L.L.C.*, 16-1274, p. 9 (La. App. 4 Cir. 6/14/17), 222 So.3d 833, 841. Notwithstanding, in *Sanders v. New Orleans Pub. Serv., Inc.*, 422 So.2d 232, 235 (La. App. 4th Cir. 1982), this Court held that although defendant failed to pled its affirmative defense in the answer, the defense was properly before the Court because the plaintiff failed to object to the evidence presented to the trial court pertaining to the affirmative defense. *See* also, *DLJ of Louisiana # 1 v. Green Thumb, Inc.,* 376 So.2d 121,122 n.9 (La. 1979)(wherein the Supreme Court held that when a plaintiff fails to object to the introduction of evidence that bears on the affirmative defense, the pleadings have been considered to have been enlarged to include the affirmative defense, and the court can act as though the affirmative defense was pled.) In the case *sub judice*, Mr. Harris failed to object in the district court to the arguments and evidence pertaining to this newly alleged affirmative defense. Consequently, we will consider this issue.

Mr. Harris timely filed an opposition to the motion for summary judgment, contesting Boh Bro.'s government contractor immunity. In support of his opposition, Mr. Harris attached the following:

1. Excerpt of minutes labeled by Mr. Harris as "Corp[s] Administrative Contracting Minutes of August 4, 2014" wherein fencing was discussed: "Mr. Fogarty continued on with the agenda: Safety and Security Fencing; 6 foot chain-link fence around work areas. Four foot fencing will not prevent on lookers from passing over. Emphasis was made for chain-link fencing on all work areas";

2. excerpt of Boh Bros. responses to first set of interrogatories and requests for production of documents which provided in part:

   **INTERROGATORY NO. 3:**
   Please identify the persons known to you that were supposed to make sure that the work site to which Boh Bros[.] Construction was doing work on Louisiana Avenue was secured, locked and/or closed where Mr. Harris claims to have fallen.
   **RESPONSE TO INTERROGATORY NO. 3:**
   In addition to the individuals identified in the preceding response,[5] the U.S. Army Corps of Engineers ("Corps") retained Quality Assurance ("QA") representatives who were on the site each day to inspect, oversee, and document the work. Lloyd Bradshaw and Perry Damico served as the Corps' QA representatives on the Project in April 2016.
   **INTERROGATORY NO. 4:**
   Please state in detail Boh Bros[.] Construction policies and/or procedures for its employees to follow when securing the work site on Louisiana Avenue.
   **RESPONSE TO INTERROGATORY NO. 4;**
   It is each foreman's responsibility to close and secure their work areas on the Project each day. Although not mandated by the contract, closing and securing the site when work is finished at a location or for the day typically includes wire tying the fence posts ends with metal wire. Fence panels are also fastened together by insertion of a metal rod at the foot of each fence panel into the adjoining panel. Boh Bros[.], also frequently conducted a Job Safety Analysis ("JSA") to ensure all safety protocols were adhered to, which identified any potential hazards and an action plan to remedy them. In addition, the site was regularly inspected by Boh Bros[.], and Corps personnel for compliance with all Project requirements, including safety and security. Boh Bros[.], complied with the Project's plans and specifications at all times, including prior to the incident on April 9, 2016. . . .

---

[5] This response is not in the appellate record.

3. Boh Bros.' response to second set of requests for admissions;

4. excerpt of "Inspection Completion Report" prepared by Brett Carbo, the safety project manager for Boh Bros., dated April 4, 2016, which states under "List of issues," "Is housekeeping being maintained and kept up? . . . fence not closed";

5. excerpt of "Inspection Completion Report" prepared by Mr. Carbo, dated April 6, 2016, which provided under daily safety log questions "is daily housekeeping being maintained and kept up?" and the response marked is "Yes";

6. photograph marked as exhibit 5 with the caption "Brett Carbo 4/9/2016 9:56 AM - Louisiana Ave" depicting "Access point" into the construction site through the fence;

7. exhibits 3 and 8, photographs of the alleged construction site purportedly showing openings in the fencing around the neutral ground.

At the hearing on the motion for summary judgment, counsel for Mr. Harris offered a video purportedly depicting the fence surrounding the neutral ground not being properly closed.[6]

The district court deferred ruling on this matter to allow the parties to submit supplemental memoranda. In its supplemental memorandum, Boh Bros. objected to the video offered by Mr. Harris and exhibits 3 and 8, which were photographs, submitted with Mr. Harris' opposition and offered at the hearing. On January 10, 2020, the district court issued a judgment excluding the video and exhibits 3 and 8 and granting the motion for summary. In its written reasons for judgment, the district court concluded there were several grounds to support the Boh Bros.' motion for summary judgment. The district court found that Boh Bros. was entitled to government contractor immunity, and Mr. Harris failed to prove Boh

---

[6] The video was not made part of the appellate record and information from the district court clerk's office does not indicate it was submitted with Mr. Harris' opposition to the summary judgment, filed or proffered into the district court's record.

Bros. breached the duty of care and causation. The district court denied summary judgment as to Mr. Harris' fault, noting that it was a factual determination.[7]

## *EXCLUSION OF VIDEO AND EXHIBITS 3 AND 8 (PHOTOGRAPHS)*

Mr. Harris asserts the district court erred in granting Boh Bros.' request to exclude the video and exhibits 3 and 8, which were photographs. Mr. Harris argued these exhibits depicted gaps in the fencing, which created an entrance to the construction site; thus, demonstrating there were genuine issues of material fact as to Boh Bros.' immunity.

Boh Bros. argued the video should be excluded because it was not attached to the opposition memorandum. The district court agreed. Louisiana Code of Civil Procedure Article 966 (B) provides, in part:

> Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
>
> * * *
>
> (2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.

In *Brown v. Jazz Casino Co., LLC*, 18-0913, 2019 WL 1938775 at * 5 (La. App. 4 Cir. 5/1/19)(footnote omitted), this Court explained the time to file the opposition to the motion for summary judgment and evidence in support thereof was mandatory:

---

[7] "'[A] trial court's reasoning for granting a summary judgment may be informative, but it is not determinative of the issues to be resolved by the Court of Appeal.'" *Balthazar v. Hensley R. Lee Contracting, Inc.*, 16-0921, 16-0922, 16-0923, 16-924, 16-0925, 16-0926, 16-0927, 16-0928, p. 10 (La. App. 4 Cir. 3/15/17), 214 So.3d 1032, 1041 (quoting *S. Louisiana Ethanol L.L.C. v. CHS–SLE Land*, 14-0127, p. 7-8 (La. App. 4 Cir. 2/4/15), 161 So.3d 83, 88). *See also*, *Wooley v. Lucksinger,* 09-0571, 09-0584, 09-0585, 09-0586, p. 77 (La. 4/1/11), 61 So.3d 507, 572 (citation omitted)(wherein the Supreme Court held that the district court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment).

The Louisiana Supreme Court, in *Buggage v. Volks Constructors*, 2006-175, p. 1 (La. 5/5/06), 928 So.2d 536, 536, and *Guillory v. Chapman*, 2010-1370 (La. 9/24/10), 44 So.3d 272, elucidated that the time limitation, specifically that "[a]ny opposition to the motion [for summary judgment] . . . *shall* be filed . . . not less than fifteen days prior to the hearing on the motion," established by La. C.C.P. art. 966 (B)(2) is mandatory [emphasis added].

The *Brown* court stated, "[a]lthough appellate courts . . . exercise *de novo* review of summary judgment, they are prohibited from utilizing *de novo* review to overcome the mandatory time limitations established by La. C.C.P. art. 966 (B)(2) and consider untimely filed affidavits and oppositions to summary judgment or other documents in the record." *Id.*, 18-0913, 2019 WL 1938775, at *5. This Court, citing La. C.C.P. art. 966(D)(2), continued that "[t]he court may consider *only* those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made [emphasis added]." *Id.* In the present case, the record supports the district court's exclusion of the video.

Next, Boh Bros. argued that exhibits 3 and 8, which were photographs, should be excluded because they were undated, unverified, and unauthenticated as they were not supported by any type of metadata, affidavit or corroborating testimony. The district court agreed, citing *Reynolds v. Bordelon*, 14-2371 (La. 6/30/15), 172 So.3d 607 in support. In *Reynolds*, the Louisiana Supreme Court, in affirming the lower court's exclusion of photographs at a summary judgment hearing, noted:

> [T]he photographs were not verified or authenticated in any way. The plaintiff did not introduce an affidavit or testimony by any person familiar with the photographs, the photographer or otherwise, in order to lay the foundation that the photographs were actually depictions . . . or that the depictions were accurate. Accordingly, we agree that the lack of verification deems the photographs inadmissible at the summary judgment hearing.

*Id.*, 14-2371, p. 4, 172 So.3d at 611 (footnote omitted).

No affidavits or depositions were submitted by Mr. Harris to reflect who took the photographs, the date taken, and to verify that the photographs were authentic. As a result, we find the district court did not err in excluding these photographs, exhibits 3 and 8.[8]

Finally, for the first time on appeal, and in opposition to the district court's finding, Mr. Harris asserts that the exhibits in question were received as part of Boh Bros.' answers to discovery and should not be excluded. Specifically, Mr. Harris argues that because Boh Bros. produced the photographs in discovery, he could not verify or authenticate them. Boh Bros. disputes it produced these photographs as part of discovery. Boh Bros. points out that the photographs, attached to Mr. Harris' opposition as exhibits 3 and 8, did not have the Boh Bros.' Bates numbers stamped on the photographs consistent with the ones Boh Bros. produced during discovery.

Review of the record reflects that Mr. Harris did not attach the discovery responses from which the photographs were purportedly produced and/or an affidavit from an attorney attesting that the photographs were received from Boh Bros. in response to discovery. Likewise, the record is devoid of any evidence to support Mr. Harris' assertion that the video was obtained from Boh Bros. Consequently, we conclude that the record does not support Mr. Harris' assertion

---

[8] Mr. Harris argues that in *State v. LeBlanc*, 10-1484, pp. 21-22 (La. App. 4 Cir. 9/30/11), 76 So.3d 572, 586, this Court found that the proper foundation for admission of a photograph into evidence could be laid when a witness, having personal knowledge of the subject depicted by the photograph, identifies it as such. However, unlike in the present case, in *LeBlanc*, the person who took the photographs testified as to why he took the photographs, and the State did not represent the photographs to depict anything other than what they depicted.

that these exhibits should not have been excluded because they were produced by Boh Bros. during discovery.

This claim lacks merit.

**GRANTING OF SUMMARY JUDGMENT**

*Government contractor immunity*

Mr. Harris asserts the district court erred in granting Boh Bros.' motion for summary judgment, arguing Boh Bros. failed to prove the affirmative defense of government contractor immunity.

In its motion for summary judgment, Boh Bros. argued, and the district court agreed, that there was no genuine issue of material fact as to whether Boh Bros. had immunity as a government contractor, citing *Boyle v. United Techs. Corp.,* 487 U.S. 500, 512, 108 S.Ct. 2510 (1988) (hereinafter referred to as "*Boyle*"). This defense allows immunity for a government contractor if the contractor complies with the specifications of the federal contract.

In *Boyle*, the United Stated Supreme Court set forth three prongs, referred to as the "*Boyle*" test, a contractor must prove to assert government contractor immunity as a defense. The Louisiana Fifth Circuit, in *Banks v. Par. of Jefferson*, 12-215, p. 22 (La. App. 5 Cir. 1/30/13), 108 So.3d 1208, 1222, explained the *Boyle* test as follows:

> The government contractor immunity defense provides that contractors hired by the government cannot be held liable for performing their contracts in conformity with specifications established by the government. *Hercules, Inc. v. United States,* 516 U.S. 417, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996), and *Boyle v. United Tech. Corp.,* 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). In order for a contractor to assert the government contractor defense, three prongs must be met: (1) the government must have approved reasonably precise specifications; (2) the work must have conformed to the specifications; and (3) the contractor must have warned of any dangers that were known to the contractor, but not the government.

The contractor is not required to warn of dangers which it should have known, only dangers about which it had actual knowledge. *Kerstetter v. Pacific Scientific Company,* 210 F.3d 431 (5th Cir. 2000).

Boh Bros. points out that the federal district court in *Guarisco v. Boh Bros. Constr. Co., LLC*, No. CV 18-7514, 2019 WL 1487505, at *5 (E.D. La. Apr. 4, 2019)(referred to as hereinafter "*Guarisco*"), found it was entitled to government contractor immunity. In *Guarisco*, a plaintiff brought a tort action against Boh Bros. in Orleans Parish Civil District Court. The plaintiff was involved in an automobile accident at the intersection of Louisiana Avenue and Baronne Street in New Orleans, where Boh Bros. was working on the same Project as in this case. Boh Bros. asserted federal contractor immunity and timely removed the case to federal court under Title 28 U.S.C, "Federal Officer Removal Jurisdiction." In federal court, the plaintiff argued that Boh Bros. failed to prove it was entitled to removal to federal court. After reviewing the prongs of the *Boyle* test, the federal district court concluded Boh Bros. established government contractor immunity, thus, removal was proper. One of the arguments advanced by plaintiff was that Boh Bros. failed to produce evidence to show that the traffic control system, which was the alleged defective product feature at issue, was at the direction of or mandated by the federal government. *Guarisco*, No. CV 18-7514, 2019 WL 1487505, at *2. Under the first prong of the *Boyle* test, the contractor must prove "reasonably precise specifications and government approval." *Id.,* No. CV 18-7514, 2019 WL 1487505, at *5. "That entails both the existence of reasonably precise specifications and the approval of those specifications by the government." *In re Katrina Canal Breaches Litig.*, 620 F.3d 455, 461 (5th Cir. 2010). The *Guarisco* court explained that, under the first prong of *Boyle*, specifications are reasonably precise, "'as long as the specifications address, in reasonable detail, the

13

product design feature, alleged to be defective.'" *Id.*, No. CV 18-7514, 2019 WL 1487505, at *5 (*quoting Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 438 (5th Cir. 2000)). In addition, the federal district court explained that for the specifications to be considered approved, there must be meaningful and substantive review of the specifications by the government. *Guarisco*, No. CV 18-7514, 2019 WL 1487505, at *5 (citation omitted). The *Guarisco* court found that Boh Bros. met the first prong of the *Boyle* test, proving, with the evidence submitted, that the plans and specifications from the Corps, governing traffic control and coordination, were reasonably precise and approved by the Corps, opining:

> In the instant case, the affidavit of Defendant's Project Manager, Cameron Johnson, indicates that "[t]he plans and specifications administered by [the Corps] were reasonably precise." (Rec. Doc. 16-1 at 2). This attestation is supported by evidence that Defendant's contract with the Corps contains 710 pages of detailed specifications prepared by the Corps' selected design engineering firm, as well as 430 pages of detailed drawings or plans also prepared by the designer. (Rec. Doc. 9 at 13). *Additionally, Defendant produced the portion of its contract with the Corps governing traffic control and coordination. (See Rec. Doc. 9-1). This document outlines detailed specifications pertaining to traffic control and coordination, submittals, the Traffic Control Device Plan, and road closure, as well as the use of barricades, danger, warning, and detour signs.*

*Id.*, No. CV 18-7514, 2019 WL 1487505, at *6 (emphasis added).

While the federal district court found that Boh Bros. was entitled to government contractor immunity in *Guarisco*, each case has to be independently evaluated under the *Boyle* test to determine if the contractor is entitled to immunity.

Turning to the case *sub judice*, as the movers, Boh Bros. had to prove the alleged product defective feature—the installation of the retaining wall surrounding the culvert and the fence surrounding the construction site—was constructed and maintained with "reasonably precise specifications and

14

government approval." Similar to *Guarisco*, Boh Bros. attached the affidavit of the Project Manager, Cameron Johnson, who attested that the plans and specifications administered by the Corps were reasonably precise. Mr. Johnson stated that Boh Bros.' contract with the Corps contained, "710 pages of detailed specifications prepared by the design engineering firm selected by [the Corps], as well as 430 pages of detailed drawings or plans also prepared by [the Corps] designer." A copy of this contract was not submitted in support of the summary judgment motion. Mr. Johnson continued that he had personal knowledge that Boh Bros. fully complied with the plans, specifications, and submittals that were substantively reviewed and approved by the Corps. Mr. Johnson explained that the contract included, "detailed specifications regarding the installation of a retaining wall surrounding the culvert box and the installation of a safety fence around the construction site." As the installation of the retaining wall and installation of the fencing involved separate plans and specifications, we will look at these independently.

An excerpt of the plans and specifications from the Corps referencing the retaining wall was submitted with the motion for summary judgment. This excerpt outlined that the retaining wall, "shall have a minimum height above—existing grade of 3.0 feet to provide for fall protection and traffic visibility at street intersections." A photograph of the retaining wall was also attached to the motion. We find Boh Bros. proved that there were no genuine issues of material fact that the retaining wall was constructed and installed in compliance with the Corps.' specifications and approved by the Corps.

As to the installation of the fence surrounding the construction site, Mr. Johnson attested that "the entire neutral ground on Louisiana Ave. was cordoned

off as a restricted construction area and surrounded by a zinc coated, chain-link safety fence that was a minimum of six feet tall, as required by the Project plans and specifications." A photograph of the fencing was submitted. However, unlike in *Guarisco,* Boh Bros. failed to submit with the motion for summary judgment a copy of the plans and specifications approved by the Corps for the installation of the fencing surrounding the construction site. We find Boh Bros. failed to prove that there were no genuine issues of material fact that the fence was installed in compliance with the Corps.' specifications and approved by the Corps, the first prong of the *Boyle* test.

As there are genuine issues of material fact remaining as to the first prong of the *Boyle* test, we pretermit discussion of the second and third prong of the *Boyle* test.

*Breach of duty of care and causation*

In its motion for summary judgment, Boh Bros. asserted, and the district court agreed, Mr. Harris could not show it breached any duty owed to Mr. Harris, and Mr. Harris could not sustain his burden of proof as to causation.[9]

In his petition, Mr. Harris alleged Boh Bros. breached its duty of care to him resulting in his injuries, citing La. C.C. art. 2315(A). Article 2315(A) provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." In *Chanthasalo v. Deshotel*, 17-0521, p. 6 (La. App. 4 Cir. 12/27/17), 234 So.3d 1103, 1107-08, this Court explained:

---

[9] In his brief to this Court, Mr. Harris does not address the finding by the district court that Mr. Harris failed to prove a breach of duty by Boh Bros. and causation. Nevertheless, because this Court is reviewing the matter *de novo*, we ask the same questions as the trial court in determining whether summary judgment is appropriate, "whether any genuine issues of material fact exist, and whether the mover is entitled to judgment as matter of law." *Cressionnie v. Liberty Mut. Ins. Co.*, 98-0534, p. 3 (La. App. 4 Cir. 4/8/98), 711 So.2d 364, 366 (citing La. C.C.P. art. 966(B)).

16

Established Louisiana jurisprudence employs a duty-risk analysis to resolve negligence claims under La. C.C. art. 2315. *Roberts v. Benoit*, 605 So.2d 1032, 1041 (La. 1991). To prevail under a negligence claim, the plaintiff must prove five elements:

(1) the defendant had a duty to conform his conduct to a specific standard (the duty element);

(2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element);

(3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element);

(4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and

(5) actual damages (the damages element)[.]

*Roberts*, 605 So.2d at 1051.

At trial, Mr. Harris would have the burden to prove his negligence claim against Boh Bros. Thus, for Boh Bros. to prevail on summary judgment, Boh Bros. was required to show an absence of factual support for any of the following elements of Mr. Harris' negligence cause of action.

The first element, the duty element, "'is a question of law; the inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.'" *Faulkner v. The McCarty Corp.*, 02-1337, p. 2 (La. App. 4 Cir. 6/11/03), 853 So.2d 24, 27 (quoting *Perkins v. Entergy Corp.*, 98-2081, p. 22 (La. App. 1 Cir. 12/28/99), 756 So.2d 388, 403). In addition, a duty may arise from the nature of the undertaking, or by contract. 2 La. Prac. Pers. Inj. § 12:25. Embodied in the defense of government contractor immunity is the premise that a contractor owes third parties a duty to exercise ordinary care and refrain from creating hazardous

17

conditions in the fulfillment of its contractual obligations. *Cf, Banks*, 12-215, p. 16, 108 So.3d at 1218 (referencing statutory contractor immunity of La. R.S. 9:2771). Consequently, we find Boh Bros.' had a duty to Mr. Harris, a third party, established by the government contract.

Second, the inquiry is whether there was a breach of the duty element, which is a question of fact or a mixed question of law and fact. *Magri v. Jazz Casino Co., L.L.C.*, 19-0064, p. 7 (La. App. 4 Cir. 6/26/19), 275 So.3d 352, 358, *writ denied*, 19-01197 (La. 10/15/19), 280 So.3d 611. It is undisputed that Mr. Harris was found inside the fence that surrounded the construction site, lying in the 15-foot culvert. Mr. Johnson attested in his affidavit that after Boh Bros.' personnel found Mr. Harris in the culvert, they inspected the area to determine the possible entry point by Mr. Harris. Mr. Johnson continued:

> Near the location where Plaintiff was found, Boh Bros. discovered a point of entry in the safety fence located on the downtown side of Louisiana Ave. Specifically, the metal ties of one of the panels of the chain-linked fence had been removed, and the panel lifted to create an opening wide enough for a person to squeeze through the fence.

Despite Boh Bros.' personnel finding the opening in the fence near where Mr. Harris was found, Mr. Johnson attested that on the day of the accident, the safety fence was properly maintained and closed stating:

> 33. Boh Bros. fully inspected the construction site where the accident occurred before leaving the site at the end of the day on April 8, 2016.

> 34. When Boh Bros. left the site on April 8, 2016, the chain-linked fence surrounding the construction area was properly closed and securely bound shut with metal ties that bound each panel of the chain-linked fence to the adjacent panels, leaving no opening for entry.

18

> 35. Each fence panel was additionally fastened to the adjacent panels by insertion of hollow metal poles over the metal vertical rods on the panel stands, which tightly secured the panels together, as confirmed by inspection conducted at the end of the day on April 8, 2016.

However, Mr. Johnson did not attest that he conducted this inspection, or he was present for the inspection. In *Capital One Bank (USA), NA v. Sanches*, 13-0003, p. 6 (La. App. 4 Cir. 6/12/13), 119 So.3d 870, 873-74, this Court explained in pertinent part:

> "[I]t is insufficient for an affiant to merely declare that he has "personal knowledge" of a certain fact. The affidavit must affirmatively establish that the affiant is competent to testify to the matters stated by a factual averment showing how he came by such knowledge." *THH Properties Ltd. P'ship v. Hill,* 41,038, p. 7 (La. App. 2 Cir. 6/2/06), 930 So.2d 1214, 1219 (*citing Express Pub. Co., Inc. v. Giani Inv. Co., Inc.,* 449 So.2d 145 (La. App. 4 Cir. 1984)). "Personal knowledge means something which a witness actually saw or heard, as distinguished from something a witness learned from some other person or source." *Id.* (citations omitted). Furthermore, "'personal knowledge' encompasses only those facts which the affiant saw, heard or perceived with his own senses." *Express Pub. Co., Inc.,* 449 So.2d at 147 (*citing Atkinson v. Allstate Ins. Co.,* 361 So.2d 32 (La. App. 3 Cir.1978)).

Mere conclusory allegations, improbable inferences and unsupported speculation cannot support a summary judgment, even if contained in an affidavit. *Sears v. Home Depot, USA, Inc.*, 06-0201, p. 12 (La. App. 4 Cir. 10/18/06), 943 So.2d 1219 (citation omitted). Boh Bros. failed to offer any evidence in support of its summary judgment in the form of personal knowledge that on April 8th or 9th the fence was properly maintained and secured.[10] Thus, we conclude genuine issues of material fact remain as to whether Boh Bros. breached its duty of care.

---

[10] At the hearing on the motion, counsel for Boh Bros. referenced a video recording taken in the morning and evening of April 8, 2016, allegedly depicting that the Project was secure. However, the appellate record does not reflect that the video was submitted with Bro Bros.' motion for summary judgment, or offered at the hearing.

Third, causation or the cause-in-fact element is a question of fact, subject to the manifest error standard of review. *Hammond v. Rahsaana*, 13-1202, p. 7 (La. App. 4 Cir. 2/26/14), 135 So.3d 1207, 1211 (citation omitted). In determining causation, courts look to "whether the conduct was a substantial factor leading to the accident, *i.e.,* whether it had a direct relationship to the accident. . . ." *Miller v. Fields*, 570 So.2d 39, 42 (La. App. 4th Cir. 1990)(citation omitted). In light of Mr. Harris being found inside the fence, lying in the culvert, Mr. Johnson's affidavit that an opening in the fence was discovered near where Mr. Harris was found, and the lack of personal knowledge that the fence was properly maintained and secured on April 8, 2016, Boh Bros. failed to prove an absence of factual support for the element of causation.[11]

Fourth, "[t]he legal causation or scope of duty inquiry 'assumes a duty exists and questions whether the injury the plaintiff suffered is one of the risks encompassed by the rule of law that imposed the duty.'" *Chaisson v. Avondale Indus., Inc.,* 05-1511, p. 24 (La. App. 4 Cir. 12/20/06), 947 So.2d 171, 188 (quoting *Roberts v. Benoit,* 605 So.2d 1032, 1044 (La. 1991)). It is a mixed question of law and fact. *Chatman v. S. Univ. at New Orleans*, 15-1179, p. 11 (La. App. 4 Cir. 7/6/16), 197 So.3d 366, 375 (citation omitted). In *Chatman*, this Court explained that "[t]he extent of protection owed to a particular plaintiff is determined on a case-by-case basis to avoid making a defendant an insurer of all persons against all harms." 15-1179, p. 19, 197 So.3d at 379 (citation omitted). "In determining the limitation to be placed on liability for a defendant's substandard

---

[11] *See Miller v. Fields*, 570 So.2d 39 (La. App. 4th Cir. 1990), (wherein this Court, in reviewing the elements of negligence in an action where the survivors of pedestrian struck and killed by vehicle on interstate highway service road brought action against Department of Transportation and Development (DOTD), alleging that DOTD was liable by virtue of gap in the fencing that controlled access to interstate, through which the pedestrian had allegedly passed, found the gap in the fence may have been cause-in-fact of the accident).

conduct, the proper inquiry is often how easily the risk of injury to the plaintiff can be associated with the duty sought to be enforced." *Id.* (citing *Faucheaux v. Terrebonne Consol. Gov't,* 615 So.2d 289, 294 (La. 1993)). The factfinder should ask, "'[i]s the harm which befell the plaintiff easily associated with the type of conduct engaged in by the defendant?'" *Chaisson*, 05-1511, p. 24, 947 So.2d at 188 (quoting *Roberts*, 605 So.2d at 1032). A *de novo* review reflects that Boh Bros. failed to prove an absence of factual support that Mr. Harris' injuries were not easily associated with the type of conduct at issue, *i.e.*, whether the fence was properly maintained and secured.

Finally, there is no question Mr. Harris suffered injuries after he fell or was pushed into the culvert, resulting in damages.

## CONCLUSION

Our *de novo* review reveals the existence of material issues of fact precluding summary judgment. As a result, the district court's judgment granting Boh Bros.' motion for summary judgment is reversed, and the matter is remanded to the district court for further proceedings.

**REVERSED AND REMANDED**